No. 12,772.

STATE OF LOUISIANA VS. JOHN F. BUTTON.

50 1071
51 164
50 1071
110 14

The minority of one of the jurors will not avail to set aside their verdict when no objection was made or questions asked on that point when the juror was tendered and accepted by the accused, nor does it make any difference in the

State vs. Button.

application of this rule that neither accused or his counsel knew of the juror's minority when he was tendered. 8 Rob. 590; 13 An. 276; 26 An. 384; 35 An. 975; 43 An. 370.

APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *Dupré, J.*

---

*M. J. Cunningham*, Attorney General, and *R. Lee Garland*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

---

*John N. Ogden* for Defendant, Appellant.

---

Argued and submitted April 23, 1898.
Opinion handed down May 16, 1898.
Rehearing refused June 29, 1898.

---

The opinion of the court was delivered by

MILLER, J. The accused, indicted for murder, convicted without capital punishment, takes this appeal.

The bills of exception present the question whether the verdict of the jury should be set aside and a new trial granted the accused on the affidavits and proofs submitted on the rule for new trial and motion in arrest, that one of the jurors was a minor, and that the fact of his minority was not known, when, without any interrogation on that point, he was accepted as a juror.

When the juror is tendered the opportunity is afforded the accused to examine the juror as to his competency. To enable the accused to inform himself with respect to the jury by whom he is to be tried, the law requires the jury list to be served on the accused two entire days before the day of trial. R. S., Sec. 992. With the right to challenge any juror not qualified to serve and full opportunity afforded to ascertain if there is cause for any such challenge, it deserves serious consideration whether the accused, after he has accepted a juror and taken the chance of an acquittal and after an adverse verdict, can claim that the verdict shall be set aside, because one of the jurors was a minor. It is urged on us that the juror had been

drawn on a previous *venire* and had served on a previous jury, presented the appearance of one who had passed his majority, and hence it is contended the accused and his counsel may well be deemed to have been misled into accepting the juror. Besides there are affidavits of the accused and of his counsel that they were ignorant of the juror's incompetency when he was called to the box. On this issue of diligence we can not overlook the ample opportunity of the accused to learn before the trial that incompetency of the juror, quickly made the ground of objection after conviction. Accepting the entire sincerity of the affidavits, we can not resist the conclusion that the diligence to be expected from the accused under the circumstances and suggested by the service itself upon him of the jury list, if exerted, would have discovered the fact now made the basis to set aside the verdict.

Our own jurisprudence has not favored applications to set aside verdicts on grounds like that urged here. Our courts have uniformly held that it was too late, after verdict, to urge the disqualification of one of the jurors; that the full opportunity was afforded to make such objections; that it should be made when the juror is presented and can not be insisted upon after the trial. In some of the cases, the circumstance that the disqualification of the juror was not known when he was accepted by the accused, was considered and held to imply a want of diligence, fatal to the objection. State vs. Nolan, 13 An. 276; State vs. Bower, 26 An. 384; State vs. Sopher, 35 An. 975; State vs. Garig, 43 An. 370. The decision of our predecessors held, that where the juror was examined on his *voir dire* and gave false answers to questions touching his qualifications, that in such case the objection to the juror's competency was a sufficient ground for a new trial. State vs. Nash and Barnett, 45 An. 1143. The decision proceeds on the ground that the accused could not be deprived of his right to a jury composed as the law directs, by the fraud accomplished by the false answers of the juror. That decision resting on the gronnd peculiar to that case, does not infringe on the line of our decisious on this subject. It is our conclusion, the objection to the juror's competency came too late, and hence the rule for new trial was properly overruled.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.

Rehearing refused June 29, 1898.