## No. 26.

### STATE OF LOUISIANA VS. BEN WRIGHT ET AL.

Pending the Appeal from the judgment sentencing him to hard labor in the penitentiary for larceny, the accused escaped from jail:

HELD that, whilst a fugitive from justice, he cannot be represented by Counsel in this Court to prosecute his Appeal, and that the said Appeal will be dismissed if the accused has not returned to the custody of the law within a time fixed by the Court.

APPEAL from the Second Judicial District Court, parish of Bienville. *Drew, J.*

J. A. W. Lowry, District Attorney, for the State.

W. G. McDonald, Boon & Howell, Edwards & Patterson and J. Henry Shepherd, for Defendant and Appellant.

The opinion of the Court was delivered by

LEVY, J.   In this case the defendant, Ben Wright, was tried and convicted, in the District Court of Bienville parish, of the crime of larceny, and by judgment of said court sentenced to two years imprisonment at hard labor in the penitentiary, and has taken an appeal to this Court.   The District Attorney, representing the State, has filed a motion for the continuance of the case, and supports it with an affidavit, in which he declares that the prisoner has escaped from the custody of the law, and is now a fugitive from justice, as affiant, said District Attorney, has been creditably informed.   We are unable to find any precedent, in the reported cases of the Supreme Court of this State, in which a similar motion has been made or acted upon.

While the affidavit is vague and uncertain, we reasonably infer from the record that this escape has taken place since the conviction, sentence and judgment were had.   We shall take cognizance of the suggestion made in his motion and affidavit by the law officer, prosecuting in the name and by the authority of the State.   While a prisoner, who has escaped the custody of the law pending his appeal, cannot by counsel prosecute his appeal, we are not prepared to say that upon a mere sug-

State of Louisiana vs. Wright.

gestion of such escape or reported escape we would be justified in dismissing his appeal; still we are of opinion, that unless in the hands or custody of the law we cannot try the case. We find in the Southern Law Review for October-November, 1880, a digest of a case recently decided in the Supreme Court of California, entitled : " The People vs. Redinger," in which this identical point is decided. From this digest it appears that " defendant was convicted of murder in the first degree and was sentenced to be hanged. An appeal was taken, pending which defendant escaped from custody. On motion of the Attorney General to dismiss the appeal, it was held that, although defendant could not prosecute his appeal by counsel, having waived that right by breaking jail, yet the motion to dismiss was denied, but ordered that the appeal stand dismissed unless defendant return to custody before May 1, 1881. A convicted murderer has no right to appear by counsel in an appeal from the judgment of the lower court, where it appears that he has escaped from custody; and his appeal will be dismissed unless he return to custody."

Disposed to recognize the correctness of this dicision and action of ' the court in the case cited, we adopt the course therein presented, and it is, therefore, ordered that this case be continued until the next term of this Court, which will begin at Shreveport, on the second Monday of October, 1881, and if in the meantime the prisoner, Ben Wright, does not return to the proper custody of the law, the appeal herein will be dismissed.