## No. 11,024.

### THE STATE OF LOUISIANA VS. TOM TOWNSEND.

In absence of any special rule of court fixing cases for trial when reached on the docket, the defendant in a criminal case can not be ruled to trial without a previous setting of his case or other proper notice giving him time to subpœna his witnesses.

APPEAL from the Twenty-seventh District Court for the Parish of Richland. *Williams, J.*

*W. H. Rogers,* Attorney General, for the State, Appellee.

*Todd & Todd* and *Fergus Kernan* for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. The bill of exceptions recites, in substance, that, prior to proceeding with the trial, counsel for defendant represented to the court that a material witness, residing in the parish, and without whom he could not go to trial, was absent, and that, although he had issued a subpœna for him, there had not been time to serve it; that the case had just been called, and that there had been no previous setting of the case for trial; that he was entitled to time to have his witness served; and that the granting of a short time would be sufficient. The judge overruled the application and proceeded with the trial. The judge, in his statement appended to the bill, does not contradict or traverse any statement therein contained, but simply based his action on defendant's lack of diligence. Both the judge *a quo* and the Attorney General seem to treat this as a mere ordinary application for a continuance on the ground of absence of a witness. If it were such, it would not be entitled to a moment's consideration, not being supported by any affidavit as to the materiality of the evidence or other necessary facts.

Ober et al. vs. Manufacturing Co.

We regard it in a much more serious light, as an objection to going to trial on the ground that the case was called without having been previously set for trial, and without the allowance of any time whatever to the defendant for the summoning of his witnesses.

It is true that this court has held that "Where the court has. adopted a special rule authorizing such a mode of procedure, a case may be called on being reached on the regular docket before it has been fixed for trial." State vs. Lartigne, 29 An. 642.

The judge does not advise us that any such rule has been adopted in his court, and we can not presume it. The statements of the bill,. approved by the judge's signature, strongly suggest the contrary.

The adoption of such a rule would have operated all needful notice to defendant and would have put him under the necessity of diligence to be ready with his witnesses when his case was reached upon the docket.

But certainly defendant is entitled to some kind of notice as to when the trial of his case will be taken up. Under the showing made by this bill, we think the objection was well taken, and the judge erred in overruling it.

It is therefore ordered that the verdict and judgment be annulled and set aside, and that the case be remanded for further proceedings according to law. .