## No. 11,879.

### STATE OF LOUISIANA VS. OCTAVE THIBODEAUX ET AL.

Section 3381, Revised Statutes, which requires a prosecution in the name of the State against a delinquent road overseer, contains the essential description of a crime or an offence, and a road overseer, indicted under said section, is an incompetent grand juror.

The qualifications of both grand and petit jurors are fixed in Sec. 1 of Act 89 of 1894.

Where the defendants do an unlawful act, such as the wrecking of a train, with felonious intent, and death ensues, in order to convict the defendants of murder it is not required that they should be primarily convicted of train wrecking. It is competent to prove the wrecking of the train by the defendants, not only as the means which occasioned the death, but to establish the degree of defendants' guilt.

Statements of one of two defendants, charged with the commission of the same offence, are admissible evidence, although they implicate the other, in whose presence they were not made, if such statements are restricted to the party making them, and the part relating to the other defendant is stricken out.

Where a defendant breaks jail and is a fugitive from justice pending the appeal, the appeal will be dismissed.

State vs. Thibodeaux et al.

ON APPLICATION FOR REHEARING.

When an accused, pr or to the filing of his application for a rehearing on a judgment dismissing his appeal, returns to the custody of the sheriff, and when such an accused has been sentenced to suffer death, the decree of court in doubtful cases should favor the liberty of the citizen and right of appeal and an appeal dismissed will under the circumstances be reinstated*

A PPEAL from the Eleventh Judicial District Court for the Parish of Acadia.   *Perrault, J.*

*Milton J. Cunningham*, Attorney General, and *E. P. Dubuisson*, District Attorney, for Plaintiff, Appellee.

*Philip S. Pugh* for Defendants, Appellants.

Argued and submitted January 11, 1896.

Opinion handed down January 20, 1896.

Opinion granting rehearing handed down February 24, 1896.

Submitted on rehearing March 14, 1896.

Opinion on rehearing handed down April 6, 1896.

The opinion of the court was delivered by

McENERY, J.   The defendants were indicted for murder.   Octave Thibodeaux was found guilty of murder and Auguste Thibodeaux of manslaughter.   They appealed from the verdict and judgment.

It will be only necessary to notice the first and second defences as paragraphed in the brief of defendants and the motion to sever filed by Auguste Thibodeaux, and the admissions and confessions of the defendant Octave Thibodeaux, which it is alleged were made out of his presence and after the railroad wreck, which, it is asserted, implicated him.   The defence in the brief says that the first and most important point urged is that one of the grand jurors who participated in the indictment was an incompetent juror.

The motion to quash the indictment was filed before pleading to it and was therefore in time.

If it be a fact that the grand juror was incompetent the finding of the grand jury of the indictment is null and void.   State vs. Rowland, 36 An. 193;   State vs. Nolan, 8 Rob. 513;   State vs. Jones, *Id.* 616;   State vs. Parks, 21 An. 251.

It is not denied that the grand juror Daughenbaugh at the time he served on the grand jury that found the bill was under indictment under Sec. 3381, Revised Statutes. This section provides "in case of failure or neglect of any overseer of roads to discharge faithfully the duties herein imposed, it shall be lawful for the different grand juries of this State to present the said overseers to their respective District Courts for neglect or refusal to perform their duties, and upon such presentment it shall be the duty of the District Attorneys to prosecute the said overseers, and upon trial and conviction, they shall be fined by the court in a sum not less than one hundred dollars nor more than five hundred dollars."

Section 3383 imposes the duty upon the District Judges to charge the grand juries to inquire into the state of roads in their respective parishes and lay before the said grand juries the list of the overseers in order that the grand juries may know which of said overseers may be liable to prosecution for a failure to perform the duties imposed upon them.

The section 3381 is not a forfeiture to be recovered in a civil suit for the failure to perform a duty. There is a clear distinction in the road laws between the forfeiture and the prosecution provided for by this section.

Sections 3375, 3377, 3378 define particular duties, which, if neglected, subject the overseer of the road to a penalty to be recovered by suit. Sec. 3371 is for failure in general to perform the duties required of road overseers.

The qualifications of both grand and petit jurors are fixed and defined by Act 89 of 1894, and among these qualifications it provides that the juror shall not be "charged with any crime or offence."

A crime. is a wrong directly or indirectly affecting the public, to the commission of which the State has annexed certain pains and penalties, and which it prosecutes and punishes in its own name in what is called a criminal proceeding. 4 Am and Eng. Ency. of Law, p. 643.

Crime is often used as comprehending a misdemeanor and as synonymous with it, and also of offence, in short as embracing every indictable offence.

The offence charged against the grand juror was *malum prohibitum*. The criminality to perform the public duty imposed upon him springs from its being a violation of public law. It is a wrong which the

State notices as injurious to the public, and punishes it by a criminal proceeding in its own name.

The statute does not provide for the punishment of a violation of a municipal regulation, nor are the violations of the statute in the failure to perform public duties of such character as to distinguish them from municipal offences and those denounced in the general criminal statutes of the State. The law is operative throughout the State, and is in the furtherance of a public policy of the State. It is a statutory offence of a public nature and is a crime.

In the case of People vs. New York Police Commissioners, 30 Hun. (N. Y.) 507, the relator was appointed a patrolmen. Before his appointment he had been convicted of intoxication in violation of a statute of the State of New York. A resolution was adopted by the Police Commissioners requiring him to appear before them in order that they might inquire into his eligibility. It was urged that simple intoxication is not included in the meaning of the word "crime" which would make the relator ineligible. By the statute a person found intoxicated in any public place was declared guilty of an offence. The court, in the opinion, said: " We are forced, therefore, to the conclusion that the relator, at the time of his appointment, was ineligible to the office, because he had been convicted of a crime, and by the express terms of the statute no person who has been so convicted can continue to hold membership in the police force."

This case was affirmed on appeal to the Court of Appeals. 102 N. Y. 583.

The Revised Statutes of New York declare that the words "crime" and "offence" when used in the statute "shall be construed to mean any offence for which any punishment may, by law, be inflicted." This statutory definition does not change the general definition of a crime, and it is practically the same as given in the text-books. If in the Act 98 of 1894 the words "crime" and "offence" are used synonymously, the same principle will apply in determining the fact that the statute violated is of a public nature, and a penalty is affixed for its violation, and its violation is a crime.

If not used in the sense indicated, its violation assuredly was an offence of a public nature, and the juror is disqualified under the express terms of the statute. There is no force in the argument of the prosecution that Sec. 4 and Sec. 1 of the act defines the qualification of grand jurors. A casual reading of the act will show that Sec. 1 defines the qualification of both grand and petit jurors.

The defendants complain of evidence against them as to the wrecking of a train, the instrumentality of which caused the death of the persons whom the accused are charged as having murdered.

Act 77 of 1886 provided a penalty of twenty years at hard labor, and a fine at the discretion of the court, for placing obstructions on a railroad track, with the design to injure the railway, passengers or engines, or cars, or who shall take up the rails, etc., for the same prupose.

It was not essential that the defendants should have been convicted of this crime before an indictment for murder of the party who met his death by the unlawful interference with the railroad. It was competent to prove the wrecking of the train by defendants as the means which produced death.

This is illustrated by Mr. Bishop, No. 334, in his work on Criminal Law.   " Thus we have seen to shoot unlawfully, but not feloniously, at the poultry of another, and thereby accidentally to kill a human being, is manslaughter; to do the same thing with the felonious intent to steal the poultry, is murder."

The defendant did an unlawful criminal act in wrecking the train, and it was competent to prove this fact in order to establish the guilt of the defendants in the higher or lower degree of homicide. *Ibid.*

The State offered to prove certain statements of the defendant Octave Thibodaux, which implicated the other defendant, Auguste. This was objected to by the defendant Auguste, because he was not present when it was made; that no conspiracy had been proven to exist between Octave and Auguste, and that the statement of Octave could not be admitted in evidence to the prejudice of Auguste.   The court admitted the evidence because the statement was limited to Octave, the party making it, and the jury instructed not to give any effect to it as it regarded the defendant Auguste.

The question submitted was elaborately discussed in State vs. Donelon, 45 An. 744.   That part of the admission referring to the defendent Auguste was eliminated.

The ruling of the trial judge was in strict conformity to the ruling in the case cited.

There is a motion filed to dismiss the appeal of Octave Thibodeaux because he has broken jail pending the appeal.   The motion is supported by the affidavit of the sheriff.   The appeal of Octave Thibodeaux will therefore be dismissed, and it is so ordered.

State vs. Thibodeaux.

It is ordered, adjudged and decreed that the verdict and sentence against the defendant Auguste Thibodeaux be annulled, avoided and reversed, and it is now ordered that this case, as to him, be remanded, to be proceeded with according to law.

## ON APPLICATION FOR REHEARING.

WATKINS, J.   In the application our attention has been called to the fact that since our opinion was rendered herein that Octave Thibodeaux has returned to the custody of the sheriff and is at this time incarcerated within the four walls of the jail and was prior to the time this application was filed.

Considering this a case in which the accused has been sentenced to the extreme penalty of the law, and that our decrees should in doubtful cases favor the liberty of the citizen, and the right of appeal, we have concluded to grant the application and reinstate defendant's appeal. *

It is therefore ordered and decreed that our former decree dismissing the appeal of Octave Thibodeaux be set aside, and it is further ordered and decreed that his appeal be reinstated and set down for trial and further proceedings according to law.

## ON REHEARING.

MILLER, J.   In this case the appeal of Octave Thibodeaux, one of the defendants, was dismissed, afterward reinstated and is now before us for decision.

For the reasons stated in our opinion given on the appeal of Auguste Thibodeaux, we reversed the verdict and sentence as to him, and for the same reasons it is now ordered, adjudged and decreed the sentence of the lower court of Octave Thibodeaux be annulled and set aside; that he be held for another trial, and to this end that this case be remanded to be proceeded with according to law.

*NOTE.—State vs. Wright, 32 An. 1018.   On motion to dismiss the court ordered a continuance to a fixed day, and if in the meantime the accused did not return, the appeal would be dismissed.   See 36 An. 864; 41 An. 402; 44 An. 969; Am. and Eng. Ency. Law, 853, Sec. XI, Note 6.—REPORTER.