No. 13,667.

STATE OF LOUISIANA VS. ALEX GEE.

SYLLABUS.

1. The rule is very well settled that all evidence needful to a decision should be brought up by bill of exceptions to the ruling or direction of the presiding judge during the trial of a cause.

2. The court, nonetheless, in view of the importance of defendant's cause, reviewed the lower court's order setting aside the motion to quash, and finds in this action no ground upon which to disturb the verdict.

(a) There was no irregularity prejudicial to the defendant in the drawing of the Grand Jury.

APPEAL from the Sixth Judicial District, Parish of Morehouse— Hall, J.

*Walter Guion,* Attorney General, and *J. P. Madison,* District Attorney, (*Lewis Guion,* of counsel), for Plaintiff, Appellee.

*Levy & Todd* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. The defendant appeals from a verdict and sentence condemning him to serve at hard labor in the penitentiary for the term of two years.

An indictment was presented against him on the 11th day of September, 1900, charging him with killing and murdering Henry Williams on the first day of August, 1899.

In due time, before assignment, the defendant presented and had a motion to quash filed, setting out that the grand jury that found the indictment against him was not a legal grand jury, for the reason that the names of the grand jurors were not advertised as required.

On the trial of this motion, an admission was made and incorporated in the note of evidence, showing that W. H. Baker, whose name was drawn as a grand juror was not advertised with the names of the other

members of the grand jury. It further appears from this admission, that Baker did not serve as a grand juror; that he was excused by the court previous to the empanelling of the grand jury on account of illness.

It is made to appear by the minutes, that this motion was taken up for trial, tried and overruled; and to this ruling of the court, the defendant excepted and reserved a bill of exceptions. There is no bill of exceptions before us forming part of the transcript. In our view, the court's action in overruling the motion to quash, is not brought up in the manner required. The evidence on which the motion is grounded is not regularly on appeal for review, as it is not incorporated in a bill of exceptions as required. State vs. White, 37 Ann. 172.

The case being of great importance to the defendant, we, nonetheless, gave our best attention to the point raised in his behalf on the motion to quash the indictment. We have not found that the court's ruling, in refusing to sustain the motion to quash, was prejudicial to the accused.

By the terms of the Jury Act of 1898, the grand jury is empaneled from twenty names. The twelve names constituting the body by which the defendant was indicted, had all been regularly drawn and advertised. The fact that the name of one of the remaining eight was not advertised was not, in any manner, prejudicial to the cause of the defendant. He, this intended grand juror, was not, after he had been excused, even one of the remaining eight originally drawn and forming the grand jury list from which to draw the grand jury of twelve.

The judge of the District Court unquestionably had the authority to excuse for cause one of the number of the original grand jury list from service. It happened that the juror's name had not been advertised, although his name had been regularly drawn to serve. His discharge, for good cause, was more than sufficient to put an end to every possible objection. The accused cannot complain. A presumption of correctness attaches in the process of procuring a grand jury, and continues until error is shown. As far as the record discloses, he had a legal trial. It only remains for us to affirm the verdict, judgment and sentence.

For the reasons assigned, the verdict, sentence and judgment appealed from are affirmed.