Statement of the Case.
NIOHOLLS, O. J.
The state has appealed in this case from a judgment or ruling sustaining a motion to quash an indictment returned against Leon Nicholas for murder.
The reason assigned in the motion quashing the indictment was that, prior to and at the time of the impaneling, William Corbo, one of the grand jurors who found the bill, was not a competent grand juror, inasmuch as there was filed and pending against him a charge because of his failure and refusal to pay his per capita road tax, and by section 1 of Act 135 of 1S98 any person charged with any crime or offense is not competent ás a grand juror.
The first section of the act referred to declares the qualifications of a juror to serve in any of the courts of this state shall be:
“To be a citizen of the United States and of this state * * * not under interdiction or charged with any crime or offense nor convicted at any time of any crime or offense punishable by hard labor, unless he has been pardoned, and to be a competent and intelligent person of full age having-capacity to serve as a juror to try and determine both civil and criminal cases. * * * In addition to the foregoing- qualifications a grand juror shall be able to read and write the English language and be a .person of well known good character and standing in the sommunity.”
The record shows at the time William Corbo, one of the grand jurors who returned against the defendant, was sworn, there was pending in the district court for Ascension parish an information charging him with having on April —, 1892, willfully and unlawfully refused and neglected to pay the per capita road tax for the year 1901 levied and imposed by the police jury of the parish of Ascension in accordance with article 291 of the constitution of the state of Louisiana, contrary to the form of the statute of the state of Louisiana in such ease made and provided for, and against the peace and dignity of the same.
It was admitted by the defense that the offense for which Corbo was informed against is a misdemeanor, and punishable by fine not exceeding $5, or imprisonment not exceeding 10 days in the parish jail.
Opinion.
The contention of the state is that “the disqualification only takes place when a person otherwise competent is charged with any crime or offense punishable by hard labor; that the disjunctive conjunction ‘or,’ following the word ‘interdiction,’ disjoins that qualification from the others (i. e., the charging- and the conviction of one of a crime or offense punishable by hard labor); that the disjunctive ‘nor’ is merely ‘continuative,’ and not ‘correlative’ of the second adjunct, and is equivalent to ‘charged’ or not convicted of any crime or offense punishable by hard labor,” — in other words, both the charge and the conviction must be of a crime or offense punishable by hard labor; that being charged with the slightest offense (misdemeanor or violation of a parish or municipal ordinance, even penal in its effects) does not disqualify him.
In the brief for the state it is urged that the court will be compelled to punctuate section 1 of Act 135 óf 1898 so as to properly in *87 terpret it, and that it should, be punctuated so as to read “not under interdiction or charged with any crime or -offense nor convicted at any time of any crime or offense punishable at hard labor.”
The court’s attention has been called to the fact that the former jury laws of the state were punctuated differently from the act of LSÜ8, and it is argued that prior to the adoption of the constitution of 1898, and under former jury laws, there may have been good and valid .reasons for not permitting one charged with any crime or offense from serving as a juror, as he was then forming a part of the forum which was to determine his guilt or innocence, but this contingency and necessity for such inhibition no longer exists, as a juror is now no further a part of that forum passing upon crimes and offenses not punishable by hard labor, as all such matters and crimes which arc not punishable by hard labor are now triable by the judge alone. It might be argued that the grand jury still has the power of the investigation of all matters of a criminal nature. Be that as it may, in this case the grand jury has been deprived of this, as the district attorney had filed the information, and had taken it out of the power of the grand jury to investigate this particular ease. It is maintained that, if the contention of the defense were correct, the mere charging of a party with any slight crime, or violation of a municipal or parochial ordinance, would disqualify him from serving as a juror, and the result would be dangerous, and tend to obstruct the wheels of justice. If the court should hold this position to be. not tenable, then it is claimed that the matter with which Oorbo, the claimed incompetent juror, was charged, was not and is not such a “crime” as disqualified him, as he was charged merely with the violation of an ordinance of the police jury, and not a crime in the contemplation of the general criminal statutes of the state. Only the acts denounced as crimes by statute are crimes in Louisiana, and it is only the acts so denounced that are crimes. Rev. St. § 976. In support of this last position the court is referred to Blackstone’s definition of “crime,” and to 8 Am. & Eng. Enc. Law (2d Ed.) p. 252, and notes, also to Schmeider v. McLane, 36 Barb. 495, as showing the difference between the perpetration of a crime and the violation of a corporation ordinance. The attorney general contends that the matter with which Oorbo is charged is merely a violation or breach of a local regulation for the maintenance of the public road of the parish, and not such a crime as would impeach him; it was not such a violation of criminal law or statute operative throughout the state, and affecting the public good of the whole state, and the circumstance differentiates the case at bar from that of State v. Thibodeaux, 48 La. Ann. 600, 19 South. 680.
An examination of the language of Act No. 135, relative to the qualification of jurors, shows its language to be identical with that of Act No. 89 of 1894 and of Act No. 99 of 1S96. The only difference in these acts is that in the two last named there is a comma after the words “charged with any offense,” while in the act of 189S there is not. In the act of 1898 the qualifications of a “juror” are first fixed, and afterwards, in a second clause of section 1 of the act, “grand jurors”, are specially dealt with; the statute providing- that “in addition to the foregoing qualifications a grand juror shall be able to read and write the English language, and be a person of well known good character and standing in the community.”
This statute was enacted after the adoption of the constitution of 1898, with presumed knowledge of its provisions. It, in precise terms, declared what the qualifications of a grand jury should be. If the language of that statute warrants the construction which the state contends for, its position should be maintained; but, if it does not, we cannot go outside of it, and accept as qualified grand jurors parties whom the lawmaker has declared should not be received as such, because in our opinion the qualifications deemed necessary should, for various reasons, have been other than those fixed by the general assembly.
We do not attach much importance to the tact that in the act of 1898 there is no comma after the words “charged with any offense,” while there is one in the prior statutes. Punctuation, as a means of reaching the intention of the lawmaker, is only exceptionally used. Had the legislature intended to bring about the important change in *89 legislation which it is claimed has been effected by the act of 1898, we think the phraseology itself of the former acts would have been altered. The former law had received interpretation in State v. Thibodeaux, 48 La. Ann. 600, 19 South. 680, and we think that an intention to alter the law would have been manifested in some more certain manner, and not by the mere omission of a comma.
In State v. Thibodeaux a person who stood charged in an indictment with having failed as overseer of roads, or with neglect or refusal to faithfully perform Ms duty as such, was held to be disqualified to act as a grand juror. The sentence authorized to be imposed on conviction of the offense was a fine not less than $100 nor more than $500.
We see no reason to depart from the interpretation placed upon the statute by our predecessors, and declare that the crime or offense with which a party stood charged, to exclude him from the list of qualified grand jurors, should be a crime or offense punishable with hard labor. Most “offenses” are not punishable in that way. The statute covers not only a charge of a crime, but of an “offense.” The state claims that the charge made, whether it be of a crime or of an offense, must be a crime against the state, and not an offense against a parish.
In the Thibodeaux Case the offense charged was neglect of duty as an overseer of the roads of the parish of Acadia. In the present case the offense charged is a refusal to pay a per capita tax for the purpose of constructing, maintaining, and repairing the public roads of the parish of Ascension. In both cases the offense charged has reference to neglect or refusal to perform duties relative to public roads in a parish. The state insists that the public roads of a parish are matters of mere local or parish concern, but we are not of that opinion. While the public roads in a parish more particularly concern the people in the parish constantly using them, the subject-matter is none the less one of state concern. The people of the whole state are interested in them. The police juries of parishes are state agencies, as we held in the case of Farmer v. Myles, 100 La. 341, 30 South. 858, and an action taken by them in their administration of the public roads is an action for and in behalf of the state.
Section 2750 of the Revised Statutes declares that the police juries of all the parishes in this state are authorized to pass all-such ordinances as they may deem necessary relative to roads, bridges, and ditches, and to impose such fines and x>ena'lties to enforce the same as they may think proper, to be recovered and enforced by indictment and information in the name of the state.
By article 291 of the constitution of 1898, “the police juries of this state may form their respective parishes into road districts; and in order to raise funds for the purpose of constructing, maintaining, and repairing the public roads and bridges of their parishes, they are authorized to set aside at least one mill tier annum of the taxes levied by them, and to impose a per capita tax of not more than one dollar per annum upon each able-bodied male inhabitant of the parish, between the ages of eighteen and fifty-five years. * * * To carry into effect the provisions of this article, the police jury may enact such ordinances of a civil nature as may be necessary to enforce the property and license tax, and of a criminal nature to enforce the per capita tax.” Ordinances enacted by police juries under this delegation of powers, which may be enforced in the name of the state, stand before the. courts with the force and authority and character of state enactments. They are in form local enactments. They are to be held in law on the same footing, quoad their'subject-matter, ds state enactments.
We see nó error in the action of the district court, and it is hereby affirmed.