LAND, J.
Defendant was indicted for murder, -found guilty of manslaughter, and sentenced to imprisonment at hard labor for a term of two years.
Defendant has appealed, and relies for reversal on a single bill of exception reserved to the overruling of his motion to quash the indictment on the ground of alleged incompetency of one of the grand jurors.
It appears that Herman Loeb was duly selected and sworn in as a member of the grand jury in September, 1904.
On February 5, 1906, a charge was made in the city court of Shreveport against the said Loeb for failing to make sewer connection's as required by the city ordinance. On the next day Loeb appeared in the city court, pleaded not guilty, was tried, and fined $5. He appealed to the district court and gave bon^ as required by law. During these proceedings the grand jury was in session, and on February 7, 1906, returned the indictment in question. The ground of the motion to quash was that the pendency of the said charge in the city court rendered Loeb incompetent to sit as a grand juror.
Section 1 of act No. 135, p. 216, of 1898, prescribes that a grand juror must be a citizen of the United States, a bona fide male resident of the parish for one year next preceding his service, “not under interdiction or charged with any crime or offense nor convicted at any time of any crime or offense punishable .by hard labor, unless he has been pardoned.”
It is obviously improper for any person “charged with any crime or offense” to sit as a member of a grand jury whose sworn duty is to inquire into all violations of the-criminal statutes of the state. But neither the letter nor the reason of the prohibition-apply to mere violations of local municipal ordinances, which do not come within the-jurisdiction of grand juries, and which do-not contravene any of the criminal statutes-of the state. •
In State v. Thibodeaux, 48 La. Ann. 600, 19 South. 680, the grand juror was charged in an indictment with having failed to perform the duties of a road overseer.
In State v. Nicholas, 109 La. 84, 33 South. 92, the grand juror was charged by information with having willfully neglected and refused to pay a per capita road tax imposed and levied under an ordinance of the police jury under express powers conferred by'statute and article 291 of the Constitution of 1898, to pass such ordinance and enforce the same by indictment or information in. the name of the state. In that case, the-court said:
“Ordinances enacted by police juries under this delegation of powers, which may be enforced in the name of the state, stand before the courts with the force and authority and chax-acter of state enactments.”
A violation of a sanitary ordinance of a city is neither a crime nor an offense within the intendment of the statute.
Judgment affirmed.