Statement of the case.
MONROE, C. J.
Relator was convicted by the “municipal” (or mayor’s) court, of the city of Hammond, of violating an ordinance relating to sanitation, and was sentenced to pay a fine of $25 and costs amounting to $18.25, and in default of payment to suffer imprisonment for 20 days in the parish jail. 1-Ie appealed to the district court, and gave an appeal bond, which, construed with reference to the law authorizing and recognizing such bond, is to serve as security for the fine and costs. In the district court, the case was set down for trial, agreeably to a rule of that court, upon the motion of -the counsel for the city of Hammond, and without actual notice to defendant, and upon the day fixed, defendant being absent and unrepresented, the case was taken up and a judgment was rendered, upon the merits, differing in some respects from the judgment appealed from as will appear hereafter.
The defendant (relator here) moved for a new trial, on the ground that neither he nor his counsel had been notified of the fixing of the case, and were in ignorance of the fixing; that he has a valid defense ; and that it was unjust and unconstitutional to condemn him in his absence; and, his motion having been denied, he made the application to this court that we are now to consider.
The respondent judge shows that the case was fixed for trial in accordance with a rule of his court, a copy of which he annexes, and which makes no provision for actual notice to litigants, but provides that:
“On the first day of each term of court, the docket will be called, and all cases, civil and criminal, may be fixed for trial on the motion of either party; and, following this, on the first day of each court week, all cases at issue, civil and criminal, may be called for assignment and assigned on the motion of either party. * * * ”
Respondent further shows that the assignment of the case for trial, in accordance with the foregoing' rule, operated as due and legal notice to defendant, and especially so under the terms of his appeal bond; that, after the calling of the ease, on the day upon which it had been fixed, and of the defendant and his attorney, and after they had failed to respond, and the court had waited full five minutes—
“the attorney representing the town (city) of Hammond, by a verbal motion, asked the court for the dismissal of the said appeal, which request was granted by the court, and the appeal was ordered dismissed, with judgment as herein signed. * * * That your respondent’s recollection of said bond [referring to the bond of appeal given by defendant] is that, in effect, it provides'that the defendant shall prosecute said appeal, etc.; otherwise, the surety shall be liable in his stead: That under your respondent’s interpretation of the law, the court could not do otherwise than dismiss the appeal for failure to prosecute it, and, at the same time, render judgment against the defendant and the surety *61 on his appeal bond for the amount of the fine and costs of court. The petition of the relator herein recites that, at the time this cause came up for trial, the defendant was absent from the state, and that his attorney was absent from the parish. Suppose the defendant, after taking his appeal, had left the state, never to return, would the court say what else the town of Hammond could do than to take the action herein taken? If an accused in a case of this kind could take an appeal to the district court and then leave the state without prosecuting the_ appeal, could he thereby defeat the ends of justice by preventing the town of Hammond from taking action in the matter? That, in rendering judgment in this matter, your respondent took into consideration the following facts: That the cause was regularly assigned for trial. That the defendant had had ample time within which to- appear and prosecute his appeal, but that he had failed to do so. The attorney representing the town of Hammond asked that the appeal be dismissed on the ground that the defendant had failed to appear and prosecute. And, under the rules of said court and under your respondent’s interpretation of the law, the court could not do otherwise than order the appeal dismissed, and render the judgment herein complained of.”
Opinion.
The second, paragraph of article 111 of the Constitution provides -that:
“Persons sentenced to a fine or imprisonment, by mayors or recorders, shall be entitled to an appeal to the district court of the parish, upon giving security for fines and costs of court, and in such cases, trial shall be de novo and without juries.”
And Act 27 of 1900 (page 32) contains some further provisions in regard to the time and manner of moving for and returning the appeals to which the Constitution thus refers.
The privilege of appealing, so granted, is manifestly intended solely for the benefit of the “persons” upon whom it is conferred, who are, therefore, at liberty, as they may deem advisable, to avail themselves of it, or, submit, without appealing, to the sentences imposed by the courts of the first instance; and, as they are not required- to .appeal, so they are not required to prosecute their appeals when taken, but may thereafter abandon them, in which event, if the appeals have been lodged in the district courts, the only competent action to be taken by those tribunals is to dismiss them. It will be observed that the Constitution declares that “in such cases, the trial shall be de novo,” which means that unless the appellant has, expressly or impliedly, waived his right to a hearing in the appellate court, he must be tried there as though he had never been tried before; hence, the transcript in such ease is-likely to contain, and, in the instant case, does contain, nothing but the affidavit, with the judgment indorsed thereon, warrant of arrest, a few subpoenas and returns thereon, and the motion and bond of appeal, so that, without the trial de novo, the appellate court,, even if it were authorized so to do, which it is not, could find nothing upon which to predicate any judgment save one dismissing the appeal. The situation in this court is different. No trials de novo are required here, and as all of the questions (of law, alone) which can be considered in a criminal case-must be founded upon something in the transcript, those which are so founded are considered by the court, even though the appellant does not appear, either in person or otherwise, unless it is shown that after taking his appeal he became, and continued to be, a fugitive from justice, in which event, according to a well-settled jurisprudence, his appeal will be dismissed. State v. Wright, 32 La. Ann. 1017, 36 Am. Rep. 274; State v. Edwards, 36 La. Ann. 863; State v. Porter, 41 La. Ann. 402, 6 South. 337; State v. Craighead, 44 La. Ann. 968, 11 South. 629; State v. Thibodeaux, 48 La. Ann. 600, 19 South. 680; State v. Robertson, 51 La. Ann. 159, 24 South. 774.
Whether, in the case of an appeal such as this to the district court, the appellee has any interest or any right to demand a trial denovo in the event of the appellant’s failing to appear to prosecute his appeal, and whether the trial can proceed in the absence of the appellant, are questions that we find it un *63 necessary to consider, for the reason that, in this ease, there was no such demand and no such trial. The case against relator having been regularly assigned for trial, in accordance with a rule of court which contemplates no other notice, defendant was entitled to no other notice. State v. Lartigue, 29 La. Ann. 642; State v. Townsend, 44 La. Ann. 569, 570, 10 South. 926. And when it was reached, and it was made to appear that defendant was neither present nor represented, and the appellee demanded that the appeal be dismissed, a judgment in conformity to that demand would have been competent and proper; and such a judgment appears to have been entered upon the minutes of the court on December 15, 1914, as follows, to wit:
“This day this ease was called for trial, on appeal from the mayor’s court at Hammond, La., and, pursuant to previous regular assignment, the defendant, appellant, G. T. Badeau, being absent from court, was ordered called three times, from the front door of the courthouse, to come into open court and prosecute his appeal herein taken, and, he failing to appear in person or by counsel, and the court having waited for five minutes, and the said defendant and appellant still failing to appear in person or by counsel to prosecute his said appeal, court ordered the appeal dismissed with costs.”
With his return, however, the respondent has sent up what purports to be the original judgment signed by him and filed for record on December 17th, “and recorded on December 21, 1914, in suit Book No. 14, page 202 of the official record,” and reading as follows:
“This cause came on for trial on an appeal by defendant from a judgment of the municipal court of the city of Hammond. The case being called, and neither the defendant or his' counsel of record being present, and the attorney for • appellee announcing- his readiness to proceed, the sheriff was ordered to call the appellant, G. T. Badeau, and his attorney, H. Kenner, Esq., three times and in a loud and audible voice from the principal front door of the courthouse, =and, after waiting for five minutes and the appellant and his counsel still failing to appear, the case was taken up, and for the oral reasons assigned:
“It is ordered, adjudged and decreed that there be judgment in favor of the city of Hammond :.and against G. T. Badeau, defendant and appellant, and his bondsman, M. Seib, jointly, severally and in solido, in the full sum of $25 and all costs of both courts. It is further ordered that this cause be remanded to the lower court for execution. Judgment read in open court this 17th day of December, 1914.
“[Signed] W. S. Rownds, District Judge.”
From the general tenor and particular expressions used in his return, it is evident that the respondent considers the signed judgment, last above quoted, to be the judgment rendered, or intended to be rendered and signed by him; from which, we conclude that, if there were any corrections to be made, the judgment, as signed, would be substituted for that originally entered.
Thus, in paragraph 12 of the return, we find the following, to wit:
“That, under your respondent’s interpretation of the law, the court could not do otherwise than dismiss the appeal for failure to prosecute it, and, at the same time, render judgment against the defendant and .the surety on his appeal bond for the amount of the fine and costs of court; * * * and, the defendant and his attorney both failing to appear, the attorney representing the town of Hammond, by a verbal motion, asked the court for the dismissal of said appeal, which request was granted by the court, and the appeal was ordered dismissed, with judgment as herein signed.”
And, so, in the concluding paragraph (14) of the return, he says:
“ * * * The court could not do otherwise than order the appeal dismissed and render the judgment herein complained of.”
The judgment complained of does not, however, dismiss the appeal, but is entirely upon the merits of the case, and in effect affirms the judgment appealed from, in so far as it condemns the defendant to pay the fine and costs, and amends and reverses it, by condemning defendant’s surety, in solido, with him, and omitting the alternative penalty of imprisonment imposed on defendant.
But, as there was no trial, de novo or otherwise, and no evidence adduced, or to be found in the transcript of appeal, it seems clear that our learned Brother had no foundation upon which either to affirm, amend, or *65 reverse the judgment of the mayor’s court; and, as the judgment which purports to operate in that way is the one to which he adheres, while another and different, judgment appears to have been entered upon the minutes, thus producing possible confusion, we conclude that both should be set aside and the case tried de novo, as provided by law.
It is therefore ordered that the judgment, or judgments, rendered on December 15, 1914, by the Twenty-Fifth judicial district court, parish of Tangipahoa, in the ease entitled City of Hammond v. G. T. Badeau, No. 3288 of the docket of that court, be set aside, and that said case be returned to the docket of said court for further action, according to the law and to the views expressed in the foregoing opinion. It is further ordered that the city of Hammond pay the costs of this proceeding.