ing been overruled, the town prays for certiorari and mandamus. Judgment set aside, rule to dismiss the appeal reinstated, and appeal dismissed.

William A. Houghton, of Kentwood, for applicant.

MONROE, C. J. The question here presented is the same as that which has been this day decided in the case of Town of Kentwood v. D. A. Fendlason, 77 South. 785,[1] No. 22920 of our docket; and, for the reasons assigned in the opinion therein handed down:

It is ordered that the judgment herein complained of be set aside, the rule to dismiss the appeal reinstated and disposed of in accordance with the views expressed in that opinion and the law, and that the defendant herein pay the cost of this proceeding.

---

(77 South. 786)

No. 22923.

TOWN OF KENTWOOD v. LAMMONICA.

In re TOWN OF KENTWOOD.

(Jan. 28, 1918.)

Chas. Lammonica was convicted in the mayor's court of the Town of Kentwood, and he appeals, and, a motion to dismiss the appeal having been overruled, the town prays for certiorari and mandamus. Judgment set aside, rule to dismiss the appeal reinstated, and appeal dismissed.

William A. Houghton, of Kentwood, for applicant.

MONROE, C. J. The question here presented is the same as that which has been this day decided in the case of Town of Kentwood v. D. A. Fendlason, 77 South. 785,[1] No. 22920 of our docket; and, for the reasons assigned in the opinion therein handed down:

It is ordered that the judgment herein complained of be set aside, the rule to dismiss the appeal reinstated and disposed of in accordance with the views expressed in that opinion and the law, and that defendant herein pay the costs of this proceeding.

---

(77 South. 786)

No. 22924.

TOWN OF KENTWOOD v. KENT.

In re TOWN OF KENTWOOD.

(Jan. 28, 1918.)

Chas. A. Kent, Jr., was convicted in the mayor's court of the Town of Kentwood, and

---

[1] Ante, p. 902.

he appeals, and, a motion to dismiss the appeal having been overruled, the town prays for certiorari and mandamus. Judgment set aside, rule to dismiss the appeal reinstated, and appeal dismissed.

William A. Houghton, of Kentwood, for applicant.

MONROE, C. J. The question here presented is the same as that which has been this day decided in the case of Town of Kentwood v. D. A. Fendlason, 77 South. 785,[1] No. 22920 of our docket; and, for the reasons assigned in that opinion:

It is ordered that the judgment herein complained of be set aside, the rule to dismiss the appeal reinstated and disposed of in accordance with the views expressed in that opinion and the law, and that defendant herein pay the cost of this proceeding.

---

(77 South. 786)

No. 21183.

POTTS et al. v. POTTS et al.

(Jan. 28, 1918.)

(Syllabus by Editorial Staff.)

1. GIFTS ⊜26—ONEROUS DONATION—FORM—VALIDITY.

In view of Civ. Code, art. 1526, relating to onerous donations, an onerous donation is not void for defect of form when not passed before a notary public and two witnesses.

2. GIFTS ⊜47(3)—DEFECT IN FORM—PROOF.

Plaintiffs, contending that their grandmother's donation purporting to be for a consideration was null for defect of form, had the burden of proving that it was gratuitous, and that the value of the object given exceeded by one-half that of the charges within Civ. Code art. 1526, and that the donor had not reserved enough for her sustenance, and of showing that the donation was subject to the requirement of form prescribed by Civ. Code, art. 1536.

3. WILLS ⊜270—PROBATE—NOTICE—STATUTE.

Where three of the grandchildren of a decedent resided outside of the state, and one in the parish of Caddo and outside of the parish where the will was probated, they were not entitled under Code Prac. art. 935, to a notice in writing to attend the opening and proof of the will.

4. WILLS ⊜277—VALIDITY—ATTACK.

Where plaintiffs attacking the will of their deceased grandmother failed to specify any ground of nullity, their attack on the validity of the will was not entitled to any consideration.

---

[1] Ante, p. 902.