Statement of the Case.
MONROE, C. J.
Defendant having been convicted, on March 20, 1917, in the mayor’s court, of a breach of the peace and fined $10, took an appeal, but did not lodge the transcript in the district court until April 5th, following, and the town attorney moved to dismiss the appeal, on the ground that it was so lodged after the expiration of the delay allowed by law, which motion having been overruled by the district court, and the town having no other recourse, we are asked to review that judgment. The relator alleges that, on *903 the trial of the motion to dismiss, the judge refused to hear his argument and citation of authorities. The judge denies that he refused to hear the argument, but says that he informed the counsel that he knew the law (from which we infer that he declined to hear it from the counsel), and that he overruled the motion because it appeared from the testimony that the town attorney had theretofore given it as his opinion that it was the duty of the mayor to prepare and file the transcripts of appeal in such cases; “he having so stated to, at least, some of the defendants” (there having been several defendants before the court, who were in the same predicament as the defendant in this case) that he (the judge) was of opinion that “the town was estopped to deny that such was the-law, and that, the equities considered, the said appeals should not be dismissed.”
Opinion.
[1] The law of the case is found in section 2 of Act No. 27 of 1900, which reads:
“That when said appeal has been moved for and the necessary security furnished within said delay mayor, recorder or city judge shall at once make a transcript of the proceedings in the case, which transcript shall, before the expiration of ten full legal days from the date of said sentence, be filed by the appellant, in the court to which the appeal is returnable.”
In Town of Rayville v. Long, 136 La. 1089, 68 South. 135, this court, citing the statute thus quoted, held that:
“If the appellant fails to file the transcript before the expiration of 10 full legal days from the date of sentence, the appellee is entitled to a dismissal of the appeal.”
See, also, Town of Hammond v. Badeau, 137 La. 58, 68 South. 213.
[2] As to the estoppel, the respondent does not inform us whether, the present defendant had heard of the opinion attributed to the town attorney, but, if he had, there was no reason why he should have been guided by it, • nor why the town should be estopped, if he had been so guided, since the town attorney was employed to represent the town, not the defendant, whom his duty required him to prosecute, and who appears to have had his own legal adviser.
It is therefore ordered that the judgment herein complained of be set aside, and the rule to dismiss the appeal reinstated and disposed of in accordance with the views expressed in the foregoing opinion and the law. It is further ordered that defendant pay the cost of this proceeding.