PROVOSTY, J.
The accused was convicted of murder, and sentenced to be hanged.
[1] Pie moved to quash the indictment on ¡ the ground that one of the members of the grand jury which found it was disqualified, because of being charged with the commission of a crime or offense.
The crime or offense in question was the obstructing of a navigable stream in violation of the statutes of the United States Congress. Act of March 3, 1S99, c. 425, §§ 10 and 11 (U. S. Comp. St. §§ 9910, 9912), and Act Cong. Sept. 19, 1S90, c. 907 (26 Stat. 426).
In State v. McClendon, 118 La. 793, 43 South. 417, it was held that—
“The participation of an unqualified member of the grand jury vitiates the indictment.”
Jury Law (Act No. 135, p. 216, of 1898) § 1, provides that — ■
■ “The qualifications of a juror to serve in any of the courts of this state shall be as follows:
“To be * * * not * * * charged with any crime or offense nor convicted at any time of any crime or offense punishable by hard labor,” etc.
In State v. Bush, 117 La. 463, 41 South. 793, this court held that by this was meant a crime or offense “cognizable by the grand jury”; but when the court so held its attention had not been attracted to the fact that in two previous cases this court had, after very full consideration, held that the said statute made no exception, and that therefore the being charged with any crime or offense whatever had the effect of disqualifying the juror. State v. Nicholas, 109 La. 84, 33 South. 92, citing State v. Thibodeaux, 48 La. Ann. 600, 19 South. 680.
[2] Another point fatal to the verdict is that the accused was not rearraigned after his plea of not guilty had been withdrawn.
The sentence and verdict are therefore set aside, and the indictment quashed.