BRUNOT, J.
 

 The defendant was indicted, arraigned, and prosecuted for the crime of murder.' The trial resulted in a qualified verdict, and he was sentenced to life imprisonment, at hard labor, in the Louisiana State Penitentiary. From the verdict and sentence he appealed.
 

 The record contains 14 bills of exception. Six of the bills are not discussed either in .brief or argument. They were doubtless reserved in an abundance of precaution. They are bills Nos. 4, 5, 6, 7, 8, and 9. Bills Nos. 1, 2, 12, 13, and 14 are consolidated by counsel for both the defendant and the state, and are discussed together for the reason that they are based upon the same rulings of the trial judge and substantially the same reasons are urged by counsel for defendant in support of them. They were reserved to the overruling by the court of two motions to quash the indictment, the overruling'of a motion to permit the introduction of testimony on the hearing of a motion for a new trial, the overruling of the motion for a new trial, and the overruling of a motion in arrest of judgment.
 

 Although the bills are closely interrelated, we think it is preferable to consider them separately.
 

 Bill No. 1.
 

 Two motions to quash the indictment herein were filed. Thjs bill was reserved to the overruling of the first motion to quash. It is alleged in the motion that the grand jury which returned the indictment was drawn in the presence' of incompetent witnesses, and that two of the grand jurors, F. H. Ford and R. M. Henderson, prior to the impaneling of the grand jury, and at the time the indictment was returned into court, had charges pending against them in the city court of the city of Shreveport, for violations of ordinances of that city. The attack upon the comjoetency' of the witnesses who were present at the drawing of the grand jury is abandoned. In appellant’s brief, page 5, his counsel says:
 

 
 *193
 
 “Paragraphs 1 and 2 of the original motion to quash were directed to the fact that the witnesses to the drawing of the Grand Jury were deputy clerks, both in the employ and acting under the direction of W. M. Levy, Clerk of Court. However, in view of the decision of this Court in State v. Fureo, 51 -An. 1082,
 
 [1]
 
 we shall abandon our argument to that portion of said motion.”
 

 Paragraphs 3 and 4 of the motion allege that F. H. Ford and R. M. Henderson, members of the grand jury, before the grand jury was impaneled and at the time the indictment herein attacked was returned into court, had charges pending against them for violations of the traffic, parking, and speed limit provisions of Ordinance 207 of the city of Shreveport. Certified copies of the affidavits, of Ordinance 207 of the city of Shreveport, and of the procSs verbal of the drawing of the 20 names from which the grand jury that returned the indictment herein was selected, are attached to the motion, and made a part of it by reference. Two of the attached affidavits are against F. H. Ford, and one against R. M. Henderson. Ford is charged in one affidavit with failing to bring his automobile to a full stop at a certain white line before proceeding at the intersection of Fair-field and St. Vincent avenues, and in the other he is charged with exceeding the speed limit for automobiles on the Greenwood road. The affidavit against Henderson charges that he parked his car on Texas street for a time longer than is permitted by the ordinance.
 

 Whether or not such charges are sufficient, under the doubtful jurisprudence of this state which exists because of the following decisions of this court, viz.: State v. Thibodeaux, 48 La. Ann. 600, 19 So. 680; State v. Nicholas, 109 La. 84, 33 So. 92; State v. Calhoun, 117 La. 82, 41 So. 360; State v. Bush, 117 La. 463, 41 So. 793; and State v. Butler, 149 La. 1036, 90 So. 395, to disqualify a citizen, who in all other respects is competent for service as a grand juror, need not be considered at this time, for the reason that, when defendant’s motion to quash was called for trial, the record does not show that he offered any proof whatever to establish any of the facts alleged therein. The judge says the motion was argued and submitted on the face of the papers, and for that reason it was overruled.
 

 As no proof was offered in support of the allegations of fact contained in the motion, a presumption of correctness attaches to the organization of the grand jury and the qualifications of its members. In the case of State v. Gee, 104 La. 247, 28 So. 879, a similar question was presented, and this court said:
 

 “The accused cannot complain. A presumption of correctness attaches in the process of procuring a grand jury, and continues until error is shown.”
 

 We might add, in this connection, as indicative of our present trend of thought, that if such violations of municipal ordinances as defendant invokes disqualify citizens for service as grand jurors, the criminal courts, in this age of phenomenally developed motor transportation and resultant traffic regulations, might soon find it difficult to properly function.
 

 Bill No. 2.
 

 After defendant’s original motion to quash the indictment was overruled, he filed a second motion to quash. This bill was reserved to the overruling of that motion.
 

 The allegations of fact in the second motion to quash are a mere reiteration of the facts alleged in the original motion, and the trial judge, in the exercise of his discretion, overruled the motion, and, in his per curiam to the bill, gives the following reasons for-doing so:
 

 “The grounds alleged in the motion were the name contained in the previous motion which had been tried and overruled. The Court had already, at the request of defendant’s counsel, granted more than one delay for the arraignment of the accused, and had actually had to send for counsel for defendant in order to have them present on the day fixed for arraignment.
 

 
 *195
 
 “The request for a time to be fixed some time in the future in order that counsel might offe'r testimony in support of the allegations of fact, contained in the second motion to quash impresses the court that counsel were trifling with the court in order to gain delay, especially in view of the fact that the court had to send out for them in order to have them present.
 

 “The second motion to quash contained no new allegations of fact, and involved only questions that had already been passed upon in the first motion, and accordingly same was overruled.”
 

 Matters relating to practice and procedure in the courts, unless regulated by statute or governed by established jurisprudence, are left to the sound discretion of the trial judge. Such discretion must not be exercised in an arbitrary, vague, and fanciful manner. • Its exercise should be governed by rule, not by humor. In Am. & Eng. Ency, of Law, vol. 9, p. 473, it is said:
 

 “It means, when applied to public functionaries, a power or right, conferred upon them by law, of acting officially in certain circumstances, according to the dictates of their own judgment and conscience, uncontrolled by the judgment or conscience of others.”
 

 In any case, the filing of a second, or third, or an indefinite number of motions to quash the indictment, when the same facts are alleged in the second and subsequent motions to quash as were urged in the first motion, are matters which are addressed to the sound discretion of the trial judge, and his ruling in such matters cannot be legally disturbed until it is shown that his discretion was abused or that it was exercised in an arbitrary manner. This record is barren of any fact which indicates that the ruling complained of by defendant was arbitrary or that it involved any abuse of judicial discretion.
 

 Bill No. 10.
 

 This bill was reserved to' the refusal of the judge to give the following special charge to the jury:
 

 “Gentlemen of the jury, there has been evidence given to you of the illicit relations of the wife with another man, or the enactment of the so-called ‘unwritten law.’ And I charge you, gentlemen, that if this illicit relation with the wife has been proven to your satisfaction, that then the rigor of the rules of law might be relaxed to such a degree as your conscience, consistent with the oath you have taken as jurors, would permit or dictate.”
 

 The court’s per curiam to this bill is as follows:
 

 “The special charge as shown by the bill of exceptions is improper; does not express the law, and is not entitled to further comment.”
 

 The per curiam is a little curt, but the refusal of the judge to deliver the requested charge is correct. In the trial of criminal cases in Louisiana, judges must studiously abstain from any comment upon the facts, and there is no enactment of the state linown as the “unwritten law.”
 

 Bill No. 11.
 

 This bill was reserved to the refusal of the judge to deliver the following special charge:
 

 “Gentlemen of the jury, ordinarily in eases of homicide the good or bad character of the deceased is not before the jury, since it can only be placed before the jury when the State has framed the issue by adducing evidence of a good character, then the defense is permitted to rebut by giving evidence of a bad character. That evidence is now before you, and I charge you, that such evidence, like other evidence, is to be considered by you in your deliberations, along with all the rest of the evidence and testimony in the case.”
 

 We think the foregoing special charge was properly refused. It calls for a comment by the court upon an important fact of the case and for a declaration by the court that the jury has before it evidence of that fact. We are at a loss to conceive of a more direct comment by the court upon that particular fact.
 

 Bills Nos. 12 and 13.
 

 These bills may be considered together. Defendant filed a motion for a new trial, in which all of the allegations of fact alleged in his motions to quash the indictment are re
 
 *197
 
 iterated, and lie moved the court to hear evidence on the motion for a new trial, to prove the allegations of fact which had been previously alleged in his motions to quash. The judge refused this request, and bill No-. 12 was reserved to that ruling. Bill No. 13 was .reserved to the overruling of the motion for a new trial.
 

 Several grounds for a new trial were urged in the motion therefor, but the trial judge in his per curiam to bill No. 12 has correctly disposed of every contention the defendant urges in his motion for a new trial. In his per curiam the judge says:
 

 “Paragraph 1 of the motion for a new trial alleges that the Indictment returned by the Grand Jury in this case was null and void. This phase of the case was handled by another branch of this Court, acting thru Judge Roberts. We, therefore, refuse to review the action.
 

 “Paragraph 2 of the motion for a new' trial sets forth that Mrs. Lemma Horn should have been excluded as a witness upon the triál of the case because she violated the rule of the Court by being in the Court room during the hearing. Evidence was taken by the Court upon the question of her presence in the Court room, and it was determined by the Court that she was not present and that no prejudice could result to the accused by her being used as a witness by the State even if she had been present.
 

 “Paragraph 3 of the motion for a new trial sets forth no legal cause for a new trial as shown by the Per Curiam to Bills of Exceptions II, V, VI, VII and VIII.
 

 “Paragraph 4 of the motion for a new trial sets forth no cause for granting a new trial, first, because the instruction given to the jury was proper, and correctly stated the law. It was given for the purpose of placing clearly before the jury the distinction between murder and manslaughter, and the instruction was preceded by explanatory remarks to the jury which indicated the purpose for which the instruction was given. No Bill of Exception, however, was taken at the time, and if for no other reason, that ground could not now be urged as a basis for a motion for a new trial. The quoted remarks of the Court as incorporated in Paragraph 4 do not even suggest what was actually said.
 

 “As to paragraph 5, the Court did state to the jury in pursuance to the request of the defendant that the jury be instructed with reference to punishment, that if a verdict of not guilty because of insanity was returned, that the accused would perhaps be placed in some proper State Institution, but no exception was taken at the time by Counsel for the accused.
 

 “The matter presented in Paragraph 6 is fully gone into in the Per Curiam of the Court to Bill of Exceptions No. 3-.
 

 “As to paragraph 7 of the motion for a new trial, the quotations therein from the charge of the Court appear to be correct, and, in our opinion, correctly state the law. However, it may be well at this time to say that no evidence of insanity was presented to the jury in this case except as suggested by the actions of the accused at the time of the killing. Only one expert on mental diseases was placed upon the stand by the defense, and he did not testify that he had examined the accused and found him insane. Dr. Butler, the Parish Coroner, who was placed on the stand by the State has had some experience in the handling of cases involving mental derangement. He was cross examined by the defense, but he did not state that he had examined the accused and found him insane. Dr. Butler did state, however, that the accused was suffering- from syphilis, which sometimes resulted in insanity.
 

 “We think the motion for a new trial is without merit, provided, of course, that the ruling of the trial judge who passed upon the question of the validity of the indictment is correct.”
 

 Bill No. 14.
 

 This bill was reserved to the overruling of a motion in arrest of judgment. There is no-error pátent on the face of the record, and the ruling of the trial judge is no-t shown to have been erroneous.
 

 For these reasons the verdict and sentence appealed from are affirmed.
 

 [1]
 

 25 So. 951.