184 So. 559

**STATE v. STEPHENS.**

No. 35059.

Oct. 31, 1938.

E. G. Burleigh and Jared Y. Fontenot, both of Opelousas, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, First Asst. Atty. Gen., and L. Austin Fontenot, Dist. Atty., of Opelousas, for the State.

FOURNET, Justice.

The defendant, Elgie Stephens, having been indicted for the murder of his wife, has appealed from his conviction and sentence to be hanged. He relies, for the reversal thereof, upon two bills of exception reserved to the ruling of the trial judge in refusing the motion for a new trial and the motion in arrest of judgment. Both pleas are predicated upon the

allegation that a member of the petit jury which convicted him was disqualified under Article 172 of the Code of Crimina Procedure to serve as a juror, in that he had been indicted, tried, convicted, and sentenced to serve a term of imprisonment in the federal jail for the crime of possessing intoxicating liquor in violation of statutes of the United States.

The defendant has cited, in support of his contention, the case of State v. Butler, 149 La. 1036, 90 So. 395. In that case the accused had " * * * moved to quash the indictment on the ground that one of the members of the grand jury which found it was disqualified, because of being charged with the commission of a crime or offense"—the obstruction of a navigable stream—in violation of a statute of the United States Congress. The court held that a grand juror who had a charge pending against him at the time he was serving as a grand juror, was not qualified to serve as such.

� That decision is in keeping with the jurisprudence of this state and is reproduced in Article 172 as one of the causes which disqualifies a juror, whether petit or grand, for service. However, in the instant case, the juror was not under any *charge* at the time he served as a petit juror, inasmuch as he had already served his sentence.

▄ The next question that arises for our consideration, then, is, has the juror, because of his conviction of possessing liquor in violation of the prohibition laws of Congress, been convicted of a felony within the meaning and contemplation of Article 172 of the Code of Criminal Procedure, and thus disqualified to serve as a juror at any time?

The United States Circuit Court of Appeals answered this question in the case of Christian v. United States, 5 Cir., 8 F. 2d 732, when, as expressed in syllabus, it stated:

"The offenses of unlawful sale and possession of liquor, in violation of the National Prohibition Act (Comp.St.Ann. Supp. 1923, § 10138¼ et seq. [27 U.S.C.A. § 1 et seq.]), not being punishable by imprisonment for a term exceeding one year, are not felonies or infamous crimes, but misdemeanors, which may be prosecuted on information, instead of on indictment, in view of Criminal Code, § 335 (Comp.St. § 10509 [18 U.S.C.A. § 541])."

This court, in the case of State of Louisiana v. Hutchinson, 163 La. 146, 111 So. 656, defined the term felony as follows [page 657]:

" * * * 'A crime of great magnitude and subject to an infamous punishment—death or imprisonment at hard labor in the penitentiary.' State v. Cazeau, 8 La. Ann. 109, 114; State v. Lartigue, 6 La. Ann. 404, 405. * * * In other words, the term felony in our law means a high crime, for which imprisonment at hard labor (or death) may be imposed * * *."

It is our opinion that the juror in question, at the time he served as a petit juror in this case, was not charged with an offense within the meaning and contemplation of Article 172 of the Code of

Criminal Procedure; and that the crime of which he had been convicted—possession of intoxicating liquor, in violation of the national prohibition act—was not a felony, and he was, therefore, competent to serve as a juror.

We conclude that the trial judge properly overruled defendant's motions for a new trial and in arrest of judgment.

For the reasons assigned, defendant's conviction and sentence are affirmed.

· ROGERS, J., absent.