Statement of the Case.
NICHOLLS, C. J.
This case is before us-on an appeal by defendant from a sentence of death based upon the verdict of a jury-finding him guilty of murder.
The only ground assigned is that set out in. a bill of exceptions taken to the ruling of the district judge in refusing a new trial.
A new trial was asked upon the ground that the foreman of the petit jury which, tried ’ and convicted the defendant was an incompetent juror, for the reason that at the time of his service upon the jury he was under indictment for keeping a banking game.
“The juror (a talesman), when examined on his voir dire, was asked by neither the district attorney, nor by the counsel who was appointed by the court to defend him, whether he was charged with, or had been convicted of, any misdemeanor, felony, or violation of any parochial or municipal ordinance. He-was accepted by both sides.”
It is averred in the application for a new trial that the fact that the juror was under indictment was unknown at the time of trial to the defendant or his attorney.
It is stated in defendant’s brief that the judge’s ruling was based upon the decision of this court in State v. Whitesides, 49 La. Ann. 352, 21 South. 540; and it is claimed that the former case should be differentiated from the present one, in that the accused in-the former declined the services of the appointed counsel, and conducted his own defense, with full authority to himself to waive all objections to jurors, whereas, in the case before the court, accused was defended by counsel appointed by the court for that purpose, who could waive nothing; that, under such circumstances, accused was entitled to-the protection of the court and its officers against all illegal action.
It is asserted that “defendant was condemned to die by a juror mentally and morally unfit to serve, accepted by the district attorney,, an officer of the court, with full knowledge-of his unfitness.”
The lawmakers have declared certain qualifications and disqualifications as regards eligibility of parties as jurors and grand jurors, through statutes general in character. Accused parties, as a matter of course, have a right to invoke the provisions of the law,. *14 but they must exercise this right according to fixed rules of practice. It does not necessarily follow because a person may, for the purposes of service as a juror, fall under the general disqualifications announced, that in his particular case he should be in fact morally and mentally unfit to serve. The parties in interest should decide that question for themselves. In the case before us, while it is charged that the juror was disqualified legally, it is not pretended that this disqualification carried with it an actual resulting prejudice and injury to the accused.
The act for 'which the juror was indicted is so dissimilar in character from that charged against the appellant that we have no reason to suppose that, by the juror’s presence on the jury, defendant has really suffered injury.
In State v. Arbuno, 105 La. 730, 30 South. 16S, counsel claimed, as defendant claims here, that an assigned counsel is nothing more than an amicus' curise, and that it is the court’s duty to protect accused parties now, as it was formerly its duty when no counsel was assigned to defend them. On that subject this court said: “We do not agree with counsel in this proposition.- The very object of the assignment of counsel was to relieve the court from the burden of this duty. It still has the right to protect an accused party from illegal action, but its failure to take action is certainly no ground for reversal.”
We have repeatedly said that prosecuting officers know (and, we trust, feel) that the state desires no convictions through illegal action. We would be slow to believe that the district attorney in any given case had knowingly or designedly sought such a conviction. We presume it must have escaped the attention of the district attorney in this ease that the juror was under indictment. Possibly, from his knowledge, knowing and considering the particular juror, and the dissimilarity of the charges made against the parties, he may have felt relieved from the obligation of invoking the disqualification. It would unquestionably be better for the state officers, as a matter of course, to question jurors on this subject upon their voir dire; but, should they fail so to do, counsel of the accused should question them themselves, and not rely for reversal, when it would be so easy to have the omission rectified in the lower court.
In State v. Whitesides, 49 La. Ann. 256, 21 South. 541, we said (citing a number of authorities): “The rule is stringent that the defendant, if he does not interrogate as to the qualifications of a juror, cannot take advantage of the want of necessary qualifications after verdict. If the juror answers falsely, and this fact is ascertained for the first time after verdict, this disqualification may be urged as ground for a new trial.”
See, also, State v. Thomas, 35 La. Ann. 24; State v. Sopher, 35 La. Ann. 975; State v. Button, 50 La. Ann. 1072, 23 South. 868, 69 Am. St. Rep. 470; State v. Harper, 51 La. Ann. 164, 24 South. 796.
Finding no ground for reversal, the judgment appealed from is hereby affirmed.