LAND, J.
On September 29, 1916, the defendant was indicted in the district court for *439 Bienville parish for the murder of one J. S. I-Iowell.
Defendant moved to quash the indictment on the following grounds:
That on October 23,1915, the defendant, on the same state of facts, was indicted for the crime of manslaughter, in the same court; that on November 22, 1915, the said indictment was quashed and set aside, and on the same day, and on the same state of facts', the defendant was charged on information with the crime of manslaughter.
That on February 4, 1916, the defendant was tried and convicted of manslaughter, as charged in said information, and was sentenced to imprisonment for five years in the state penitentiary.
That defendant appealed from said sentence to the Supreme Court, and the state appeared in said court and insisted on an affirmance of said sentence.
That on May 13, 1916, 71 South. 730, r the Supreme Court reversed said sentence, and remanded the cause for a new trial, and said case is pending and untried in said district court.
That the state, having elected to prosecute the defendant for the crime of manslaughter, and having caused him to be tried, convicted, and sentenced for said offense, and having in the Supreme Court an affirmance of said sentence, has waived its right to prosecute the defendant for the crime of murder, and is estopped in good conscience and morals from prosecuting the defendant on the same state of facts' on any other charge than that of manslaughter.
Defendant pleaded former jeopardy and autrefois acquit.
Defendant moved to quash the indictment on the further ground that the grand jury which returned the indictment was illegally drawn and was composed of illegal members.
The motion to quash was tried and sustained, and the state has appealed.
We will now consider the first ground for the motion to quash.
The facts are matters of record, and it is admitted that the three prosecutions were based on the same homicide.
In the manslaughter case the defendant was admitted to bail in the sum of $2,000, and was denied bail under the subsequent charge of murder.
The opinion of the Supreme Court in State v. McGarrity, 139 La. 430, 71 South. 730, shows that the verdict and sentence therein were reversed on questions of admissibility of evidence.
In that case the judge of the district recused himself and appointed the judge of an adjoining district to try the cause.
The Supreme Court held that it was error to exclude testimony offered by the defendant to show that a lawyer of the district having the necessary qualifications could be found to-act in the place of the recused judge.
The Supreme Court never held that said, judge of the adjoining district was incompetent to preside at the trial of said case.
In the same case the Supreme Court held that evidence of previous threats oh the part of the accused was inadmissible.
The judgment of the Supreme Court rendered in that case reads as follows:
“For the reasons * * * assigned, it is ordered, that the conviction and sentence heroin-appealed from be annulled, and that the case be remanded to the district court, to be further proceeded with according to law and to the views herein above expressed.”
It is evident, therefore, that the verdict and sentence were set aside for errors in the proceedings, and that the question of the guilt or innocence of the accused was not finally determined.
[1, 2] As the conviction of the defendant in the prosecution for manslaughter was annulled on his own motion, the trial did not *441 settle the question of his guilt or innocence, and therefore does not justify the plea of autrefois convict. Marr’s Crim. Juris, of La. § 352, p. 577; article 9, Const. 1913.
In State v. Ruffin, 117 La. 357, 41 South. 647, this court, through Provosty, J., said;
“All the questions here raised depend on facts, save one. That one is as to a substitution of an indictment for murder to the information for manslaughter. There is nothing to it. It is well settled that until jeopardy has begun the district attorney may at any time nolle prosequi the information or indictment. * * * State v. Hornsby, 8 Rob. 589, 41 Am. Dec. 314. And it is elementary that the pend-ency of an indictment or information does not constitute jeopardy.”
In State v. Kelly, 134 La. 535, 64 South. 403, this court held that an indictment and an information may be filed against the same defendant, for the same offense, in the same court.
Article 9 of our present Constitution reads in part as follows:
“Nor shall any person be twice put in jeopardy of life or liberty for the same offense, except on his own application for a-new trial, or where tKere is a mistrial, or a motion in arrest * * is sustained.”
It follows that, as the defendant obtained a new trial on his own appeal to the Supreme Court, there is nothing in his plea of former jeopardy; and it is hornbook law that a plea of lis pendens is not admissible in criminal cases.
“The accused is estopped to plead a former conviction where his own conviction has been reversed for error on an appeal or writ of error brought by himself, although he has served a part of his term of imprisonment.” 12 Cyc. 278.
[3] Counsel for the defendant cites Revised Statutes of 1870, § 1055, p. 207, reading as follows:
“If, upon the trial of any person for any crime or misdemeanor, it shall appear that the facts given in evidence amount in law to some other offense, he shall not by reason thereof be entitled to be acquitted of the offense charged; and no person tried for such crime or misdemeanor shall be liable to be afterwards prosecuted for such other offense on the same facts, unless the court before which such trial may be had, shall think fit in its discretion to discharge the jury from giving any verdict upon such trial, and to direct such person to be indicted for the offense shown to have been committed; in which case Such person may be dealt with in all respects as if he had not been put upon his trial.”
This section has application only to cases where the verdict has not been set aside at the instance of the accused; for it is only when the verdict has not been set aside at the instance of the accused that, under article 9 of the Constitution, the plea once in jeopardy can avail.
Counsel for the defendant next cites State v. Michel and Williams, 111 La. 434, 35 South. 629, the ruling in which is correctly stated in the syllabus as follows:
“In a criminal case lis pendens is not a plea. The court will, in its discretion, quash one of two similar indictments for the same crime.
“The crimes charged were not similar, and, in consequence, not the least ground for the motion to quash on the assumption of two indictments for the same crime.”
It appears from the opinion of the court that there were two indictments against Williams, one for rape, and the other for attempt to rape. 'The court said that “the charges were not absolutely similar.”
[4] In the case at bar one charge is for murder, and the other for manslaughter, cognate offenses, it is true, but differing in the important element of malice aforethought.
[5] The case cited limits the discretion of the court to similar indictments for the same crime. In the case before us the similarity of the indictment to the information is limited to the charges of manslaughter, and such similarity may furnish a proper ground for the dismissal of the information, but not for the quashing of the indictment for murder.
The defendant’s counsel also cite People v. Antone Hunckeler, 48 Cal. 331, in which the syllabus reads:
“If a person is indicted for manslaughter, and on his trial the court, without the consent of the defendant, discharges the jury because it is of opinion that the evidence shows that the defendant is guilty of murder, and the defendant *443 is again indicted for murder for the same killing, he is ‘twice put in jeopardy for the same offense,’ and is entitled to an acquittal.”
But in that case there was no former conviction, reversed, on the motion of the defendant, as in the case at bar.
We therefore are of opinion that the first ground of the motion to quash is not well taken.
[6,7] The facts in connection with the alleged irregularity in the drawing of the grand jury are as follows: At the opening of the tenn of court a foreman for the grand jury was appointed by the court, and the names of 11 persons were drawn from the envelope containing the names of the 20 persons from among whom 11 are to be drawn, who, with the foreman, are to compose the grand jury. The 11 who had been thus drawn and the foreman were sworn as grand jurors; and they retired to the grand jury room. But the drawing of the names from the panel envelope had been done by the clerk instead of, as the jury law requires, by the sheriff. A few minutes after the jury had then retired the district attorney, noticing this irregularity in the drawing, and wishing to have it corrected, asked -the court to set aside the drawing and order another; and this the court did. It,, is nowhere stated that the 11, names which had been drawn from the panel envelope were put back in it, but we assume that this was done. Eor the further proceedings we will quote_ the evidence verbatim:
“The grand jury as first drawn was ordered back in the courtroom, and after the court had entered the order setting aside the first drawing, the clerk and sheriff were ordered to proceed with the drawing of the grand jury. The sheriff drew from the envelope the name of T. W. Evans; whereupon the court ordered them to wait a minute and called Mr. McGee around and again appointed him foreman. The sheriff turned, to the court and asked what he should do with the name he held in his hand, of T. W. Evans, he having called Mr. Evans and he having answered to his name. The court ordered him to put it back in the envelope and again proceed to the drawing of 11 names from the envelope, which was done by the sheriff.”
Upon these facts we think the grand jury was illegally constituted. The law does not allcsw the 11 grand jurors to be selected or appointed by the judge, but requires them to be drawn from the envelope containing the panel. Only the foreman may be selected, or appointed, by the judge. From this it' follows that after a grand jury has been drawn the judge cannot, unless for good cause, set it aside, and order a new drawing; for if he could set aside one drawing he could continue setting the drawings aside until those persons should have been drawn who would have been appointed by him if he had had the power of appointment. When, therefore, the name of Evans was drawn by the sheriff the judge was powerless to have it put back in the envelope; by the drawing Evans became irrevocably a member of the grand jury. If he had been drawn again, as one of the 11, the harm would have been cured; but he was not. The grand jury was therefore illegally composed, in that Evans should have been a member of it, and that the person who was substituted for him should not have been a member. A grand jury, so composed, having a stranger as one of its members, and lacking one of its regular members, is illegally constituted, and an indictment found by it is invalid. State v. Rowland, 36 La. Ann. 193; State v. Thibodeaux, 48 La. Ann. 601, 19 South. 680; State v. Griffin, 38 La. Ann. 502.
[8] So far as the foreman is concerned, the appointment made of him by the judge previous to the first drawing was in every respect regular, and was in no way affected by the subsequent irregularity — the proceedings. It continued to stand and was in full force and effect when the sheriff drew the name of Evans from the envelope.
The judgment appealed from is therefore set aside in so far as it sustained the plea of once in jeopardy, and is affirmed in so far as it sustained the motion to quash the *445 indictment on the ground of the irregularity in the composition of the grand jury, and quashed the indictment for that reason.