I cannot concur in the majority opinion. The decree upholding the discharge of DeArmas and Powell from the Grand Jury by Judge Platt, in my opinion, finds no support either in the statutes or in the jurisprudence. In fact, I think it is contrary to both. The effect of the ruling is serious and will fetter criminal procedure and hamper the administration of justice in Louisiana.
Grand juries are part of the machinery of criminal courts. Their functions are indispensable to our system of criminal procedure. Those who commit capital crimes can be brought before the courts only through indictments returned by grand juries. The law provides no other method. A grand jury is an integral part of the general system established by the Constitution for the prosecution and punishment of those who violate criminal statutes. It is a part, a branch, an arm, of a criminal court. A court which is invested with jurisdiction of criminal cases, in its general and enlarged sense, comprehends grand and petit juries. A criminal court is not complete without a grand jury. A grand jury is a distinct agency, created by law to set in motion the machinery by which and through which criminals are brought to justice.
The Constitution creates the agencies which comprise the whole of a general system inaugurated for the enforcement of *Page 1007 
the criminal statutes. Grand juries are among those agencies. Section 42, Article VII, of the Constitution provides that: "A grand jury of twelve, nine of whom shall constitute a quorum and must concur to find an indictment, shall be empanelled in each parish twice in each year, and shall remain in office until a succeeding grand jury shall have been empanelled, except in the parish of Cameron, in which at least one grand jury shall be empanelled each year."
Grand jurors are officers. They are elevated to that dignity by the Constitution itself. As such, they are entitled to respect. Their tenure of office is fixed by the Constitution. Before entering upon his duties, a grand juror is required to take a solemn and binding oath. The oath which he takes is as solemn as that taken by the district judge himself. And just as the judge's oath is binding upon him, so is the oath of a grand juror binding upon him. A grand juror's oath requires, among other things, that he diligently inquire and true presentment make of such matters and things as shall be given to him in charge, or otherwise come to his knowledge; that he will not present anyone from envy, hatred, or malice, and will not leave anyone unpresented from fear, favor, affection, hope of reward or of gain, but that he will present all matters truly as they come to his knowledge according to the best of his understanding. Code of Criminal Procedure, Article 204.
Grand jurors, being vested with an office by the Constitution, cannot be divested of that office except for lawful cause. Therefore, the only question presented in *Page 1008 
this case is whether Judge Platt had lawful cause for ousting these grand jurors from their office. In my opinion he did not. A judge may, of course, remove a grand juror from office. But the only ground on which he may do so is that the juror does not possess those qualifications prescribed by law. The qualifications for grand and petit jurors are set forth in Article 172 of the Code of Criminal Procedure, which qualifications are that a juror shall be "a citizen of this State, not less than twenty-one years of age, a bona fide resident of the parish in and for which the court is holden, for one year next preceding such service, able to read and write the English language, not under interdiction or charged with any offense, or convicted at any time of any felony, provided that there shall be no distinction made on account of race, color or previous condition of servitude".
Then follows the provision: "and provided further, that the District Judge shall have discretion to decide upon the competency of jurors in particular cases where from physical infirmity or from relationship, or other causes, the person may be, in the opinion of the judge, incompetent to sit upon the trial of any particular case".
This clause refers to the qualification of petit jurors called for the trial of cases before the court, and has no reference to the qualifications of grand jurors. State v. Smith, 145 La. 1091, 83 So. 264. These grand jurors were not discharged because it was discovered that they did not possess the qualifications prescribed by the Code. They were discharged because they *Page 1009 
attempted to read a petition in open court after the judge ordered them to be silent.
I concede that, even though a grand juror may possess all of the specific qualifications prescribed in this article of the Code, he may render himself incompetent and subject to discharge by a willful neglect or violation of the duties imposed upon him by his oath. If he willfully neglects or refuses to inquire diligently into, and to make true presentment of, such matters and things as shall be given to grand jurors in charge, or otherwise come to his knowledge; if he neglects or refuses to keep secret his own counsel and that of his fellows; if he willfully and deliberately presents anyone from envy, hatred, or malice, or if he willfully leaves anyone unpresented from fear, favor, affection, hope of reward or gain; if he willfully neglects or refuses to present all things truly as they come to his knowledge, he violates his oath of office and thereby becomes incompetent under the law to serve as a grand juror.
The Constitution provides in Section 1 of Article IX that all state officers, whether elected or appointed, shall be liable to impeachment for incompetency, corruption, favoritism, extortion, or oppression; and Section 6 of the same article provides that, for any of the causes enumerated in Section 1, any officer, whether state, district, or parochial, except the Governor, Lieutenant Governor, and judges of the courts of record, may be removed from office through the method therein prescribed. These articles of the Constitution do not apply, of course, to grand jurors. They *Page 1010 
are cited only for the purpose of showing that the general rule is that officers may be removed for incompetency, corruption, or favoritism. Grand jurors are officers of the court, and the judge possesses the inherent power to remove them for neglect of duty, favoritism, or corruption in office when such is revealed through proper procedure.
On October 10, 1939, Judge Platt assigned written reasons for removing these grand jurors from office. But he did not state as a reason, or one of the reasons, for discharging them that they were incompetent. He recited in detail what occurred in open court on the day previous. He said in substance that Mr. Powell stood up in open court and stated that he had a request to present; that he (the judge) asked the juror whether the matter was oral or in writing, and that Mr. Powell then and there withdrew from his pocket a document; that, in compliance with his duty under the law to see to it that neither the grand jury nor any member thereof made public any matter that the grand jury is to keep secret, he considered it necessary that the document be first presented to him for inspection, and that the juror Powell insisted upon reading the document which he then held in his hand; that he (the judge) admonished the juror not to read the document, and told him that, if he did so without permitting the court to read it first, he would be punished for contempt. The statement sets forth that the juror persisted in reading the document and that for so doing he was adjudged guilty of contempt. *Page 1011 
Judge Platt's statement further recited that, as the deputies took Mr. Powell in charge, Mr. Powell passed the document to Mr. Sidney DeArmas, another grand juror who was present throughout the above colloquy between the court and Mr. Powell, and that DeArmas attempted to read aloud the document. Whereupon DeArmas was arrested by the deputies.
Judge Platt's statement recites: "After a recess taken for the purpose of restoring calm, the court ordered that Mr. Powell and Mr. DeArmas, who had been under detention in the meantime, be produced in open court, and adjudged them guilty of contempt of the court and sentenced them to the time they had been in detention."
The statement recites also that "The colloquy throughout was mild and polite, in language and manner".
The statement recites further: "The court, having since read the document, finds that it would constitute no violation of the secrecy of the grand jury to publish the same, but this court could not, therefore, condone the open defiance of its authority demonstrated by the said parties, and did what the preservation of its dignity and respect requires."
Regardless of what may have been said later by the parties touching the reason for ousting these jurors from office, the fact remains that, on the day following the discharge, Judge Platt assigned as his sole reason therefor the fact that "this court could not, therefore, condone the open defiance of its authority demonstrated by the *Page 1012 
said parties, and did what the preservation of its dignity and respect requires".
Judge Platt assigned a perfectly good reason for holding these jurors to be in contempt of court. I concede that they were guilty of contempt and deserved punishment. But the reason they were guilty of contempt is that they violated the instructions given them in open court. It was their refusal to obey the judge's order not to read the document which constituted their offense.
But certainly this offense had nothing whatever to do with their competency as grand jurors. In support of his right to discharge members of the grand jury after the swearing of them, the judge cited the following cases: State v. Jackson,140 La. 145, 72 So. 905; State v. Smith, 145 La. 1091, 83 So. 264; State v. Causey, 43 La.Ann. 897, 9 So. 900, and State v. Brooks, 48 La.Ann. 1519, 20 So. 905.
In the Causey case [43 La.Ann. 897, 9 So. 902] a juror was removed because it was discovered that he was "an unnaturalized citizen". In the Brooks case a juror was removed "because the juror was ascertained not to be qualified to serve". In the Jackson case the juror was discharged "on the ground of his disqualification". The court did not say what the ground of his disqualification was. In these cases, the court recognized and upheld the authority of a district judge to discharge grand jurors, after being empanelled and sworn, because legally disqualified to serve.
In the Smith case also that authority was upheld. But the court, in the course of its *Page 1013 
opinion, stated that the judge has no right to discharge a grand juror except for legal cause. The court said [145 La. 1091, 83 So. 266]: "In these circumstances, if the judge be allowed to excuse or discharge one member of the jury so drawn without good cause (and by this is meant a legal cause), then he may excuse any number (6 having been excused in the present case), and thereby choose a grand jury of his own liking. Such a course is not contemplated by the law, and, when a competent male citizen is once drawn in the manner provided by law as a grand juror, he becomes thereby irrevocably a member of the jury, and the judge is powerless to remove him except for legal causes subsequently accruing. State v. McGarrity, 140 La. [436] 444, 73 So. 259, and authorities there cited."
Powell and DeArmas were competent male citizens and were drawn to serve as grand jurors in the manner provided by law, and they thereby became irrevocably members of the jury and could not be removed by Judge Platt except for legal causes subsequently accruing.
Judge Platt in his ruling stated that, in his opinion, the fact that these jurors were guilty of an act in open court, which was sufficient to hold them in contempt, rendered them incompetent to serve as jurors. I think the judge is mistaken. It is not contended that the jurors were guilty of any other act which indicated that they had no respect for the authority of the court. There is nothing to indicate that the jurors had the slightest inclination to disobey the judge's general orders to investigate law violations. The petition which they presented *Page 1014 
and asked permission to read is couched in courteous and respectful terms. It sets forth that the members of the grand jury, having regard for the solemn oath which they had taken, found that they were unable to discharge their duties because the district attorney had neglected to render them the assistance which they thought they were entitled to. Their petition sets out that they were deeply sensible of their duties as members of the grand jury and desired to perform them; that numerous instances of the violation of laws had come to their knowledge, which, under the law and under their oath, they were required to investigate; but that the district attorney and his staff had failed and refused to cooperate with them. They therefore petitioned "the Honorable George P. Platt, judge of the criminal district court of the parish of Orleans, who is vested with supervisory jurisdiction and authority over the activities of the Orleans parish grand jury, to recuse the present district attorney of the parish of Orleans and his entire legal staff as the sole advisors to your grand jury". To quote from their petition, the Honorable George P. Platt was "respectfully requested to take the proper steps to make available to the Orleans parish grand jury a fund such as was made available to the Baton Rouge grand jury, for investigational purposes, and in the sum of, say, ten thousand dollars".
They specifically recognized that the judge was "vested with supervisory jurisdiction and authority over the activities of the Orleans parish grand jury". *Page 1015 
Judges Echezabal, O'Hara, and Platt, three of the judges of the Criminal District Court for the Parish of Orleans, ordered and conducted an open hearing relating to the charges contained in the petition of seven of the twelve members of the grand jury. That open hearing lasted for several days. Jurors Powell and DeArmas were called as witnesses, and testified under oath that the charges made by them and the other five were true. They testified further that they entertained no contempt for Judge Platt and his court; that their sole purpose in presenting the petition was to obtain assistance in the performance of their duties as they understood them. They reiterated under oath the charges that they had made in their petition that the district attorney and his staff had failed to cooperate with them in the performance of their duties. Their testimony was not contradicted by other witnesses. It seems reasonable to assume that, if they swore falsely, that fact could have been ascertained by calling as witnesses the five members of the jury who apparently refused to sign the petition. The district attorney was present when Powell and DeArmas were interrogated. This being an open hearing, the district attorney was afforded an opportunity to call such witnesses as he saw fit to contradict the accusations made against him. There were at least five members of the grand jury who could have been called by the district attorney to dispute the testimony adduced, if he had seen fit to do so.
No witnesses were called by the district attorney. The open hearing was brought to a close, not because all available *Page 1016 
witnesses had been heard, but because the district attorney resigned from office during the progress of the hearing.
It is true, as stated in the majority opinion, that these jurors, both in the petition which they attempted to present to the court and in their sworn testimony at the open hearing, accused the district attorney and his staff of neglect of their duties as sworn officers of the law. These charges were either true or false. If they were false, the district attorney was afforded an opportunity at the open hearing, which the judges ordered, to refute them. He made no effort whatever to do so. But, on the contrary, he gave up his office.
The case presented is therefore this: These jurors were competent when selected; they did not violate their oath. They were anxious to perform their duties. They did not shirk the obligations which they assumed as officers of the court. They zealously sought assistance in the performance of their duties. They literally begged for help. And yet, because they were imprudent in open court; because they attempted to speak when they were told to keep silent, they have been deprived of their office as members of the grand jury. The action of the judge in ousting them, in my opinion, was illegal. A district judge, in order to uphold the dignity of his court, may go to, but not beyond, the border-line of reason. He cannot, without overstepping the law, punish grand jurors for one infraction of his open court orders by depriving them of their office. To uphold such a ruling by a district judge will, I am sure, have a depressing effect upon the *Page 1017 
activities of grand juries generally. It will discourage not only members of grand juries, but all private citizens who are disposed to be zealous in the enforcement of the laws. No judge should be permitted to disrupt or hinder the activities of grand juries except for sound legal reasons. No such are present here.
I dissent.