FOURNET, Justice.
 

 This is an appeal by the State of Louisiana from the ruling of the trial judge discharging the Grand Jury of the Parish of Rapides upon the motion of the accused, W. M. Richey, against whom the jury had returned two indictments for murder.
 

 The grand jury was duly impanelled and sworn on October 16, 1939, and H. H. Harris, Sr., was selected by the court as the foreman. On October 23, it having come to the attention of the court that two of the members were disqualified to serve, one because he had not been a resident of the parish for the required time .and the other because a charge was pending against him, both were promptly discharged by the court, and two new members selected to complete the jury. On October 26 the grand jury returned an indictment against Richey for murder, and on November 2 following he was reindicted for the same offense, his wife being jointly charged with him in the .second indictment. On the trial of the case Mrs. Richey- was acquitted, - but there was a mistrial as to her husband. On - December 22 Richey filed a motion to quash the two indictments against him and to set aside the entire body of the grand jury on the following grounds:
 

 (1) That the entire proceedings of the grand jury were nullified by the violation of the oath of secrecy taken by the grand jurors in that they sought and received advice from counsel of their own selection in connection with their official duties instead of that of the district attorney and his assistant, whom they invited out of the grand jury room, and particularly after they had been called' by the trial judge to assemble in open court with respv st to a document. which they had filed ■« th the court on November 16, 1939, wherein they ■alleged they deemed it necessary, in view of certain advice, given them by the district attorney, to dispense with his services, and requested that the judge appoint an attorney to advise with them (the averments of this document were later amplified and denied in part in a written answer filed by the .district attorney), and had been advised by. him (the trial judge) that he was without authority to supplant the district attorney or to have him superseded, and that it was their duty to co-operate with him (the district attorney).
 

 (2) That two members of the grand jury which had indicted him were disqualified, one, Ben Jordan, because he was closely related to the widow of the person he
 
 *324
 
 (accused) was charged with having killed, and the other, John Monroe, because he had a charge of larceny from the person pending against him at the time.
 

 (3) That the members of the grand jury which indicted him have, since the return of the indictments, been jointly charged with violating Act 254 of 1912, known as the “Misdemeanor in Office Act.”
 

 The motion was overruled by the trial judge in so far as the first and second grounds urged therein are concerned, but was sustained on the third, and he discharged the grand jury, but refused to quash the indictments against the defendant on the ground that they were “returned prior to the time that the causes of this discharge arose.” The state has appealed. .
 

 Our attention has been called, by certified copies of orders of the lower court filed here, to the fact that, while this matter was pending on appeal, the members of the grand jury were, on February 28, 1940, after a preliminary hearing, exonerated'of the charge pending against them by the district judge who subsequently, on April 3, 1940, issued an order extending the term of the grand jury to eight months, subject, however, to the outcome of this appeal.
 

 “The law is clear that a District Judge has no right to remove a grand juror without cause, but he has the right to discharge him for ‘legal cause’ or ‘good cause.’ ” State ex rel. De Armas v. Platt, 193 La. 928, 192 So. 659, 667. See, also, State v. McGarrity, 140 La. 436, 73 So. 259; State v. Smith, 145 La. 1091, 83 So. 264; and State v. Phillips, 164 La. 597, 114 So. 171. Any person charged with
 
 “any offense”
 
 is disqualified from service as a grand or petit juror. Article 172, Code of Criminal Procedure. See, also, State v. Tazwell, 30 La.Ann. 884; State v. Jackson, 35 La.Ann. 769; State v. Thibodeaux, 48 La.Ann. 600, 19 So. 680; State v. Keziah, 110 La. 11, 34 So. 107; State v. Butler, 149 La. 1036, 90 So. 395; State v. Phillips, 164 La. 597, 114 So. 171; State v. Soileau, 173 La. 531, 138 So. 92; State v. Gunter, 188 La. 314, 177 So. 60; and State v. Platt, 193 La. 928, 192 So. 659. The presumption is, however, that members of the grand jury possess the necessary qualifications and the burden is on him alleging the contrary. State v. Gonsoulin, 38 La.Ann. 459; State v. Guillory, 44 La.Ann. 317, 10 So. 761.
 

 In our recent decision in the matter of State ex rel. DeArmas v. Platt, supra, we thoroughly analyzed and discussed the functions, powers, and duties of grand juries and grand jurors and their relations with the court, and we held that grand jurors are under the control and instructions of the judge who impanels them
 
 “at least to the extent of requiring them to'
 
 * * *
 
 obey the law,”
 
 and that the district attorney and his assistants -are their legal advisors whom they cannot supplant or deprive of their office by ignoring and selecting in their stead other members of the bar to advise them with respect to their official duties and functions, but that, on the contrary, the district attorney must be respected by the grand jury and permitted
 
 *326
 
 to act in his official capacity as long as he occupies his office and until such time as he is either recused, superseded, removed, or recalled from office.
 

 But the questions raised in the motion by the accused, with the exception of the one upon which the judge’s ruling is based, i. e., that there was a charge pending against the grand jurors filed by W. T. Bradford, are not before us for consideration because the accused did not appeal (having no right at that time to do so); he only reserved a bill of exception to the ruling of the trial judge. The state alone has appealed.
 

 The alleged charge pending against the several members of the grand jury was by affidavit of W. T. Bradford before E. J. Vallery, Justice of the Peace, dated December 22, 1939, wherein they were jointly charged “with having performed their duties as Grand Jurors in an unlawful manner,” in that they returned indictments against him, affiant, charging him with embezzlement, — knowing that the money he was charged with embezzling consisted exclusively of what is known as “deducts” which had been paid over by affiant to other parties — contrary to the advice given them by the district attorney that such action on the part of affiant was not a violation known to the laws of Louisiana, and also with violating the dual office holding act because he held the office of representative of Rapides Parish and was, at the same time, employed at .the State Colony and Training School, likewise contrary to the legal advice of the district attorney.
 

 Thus it may be seen that the basis for affiant’s conclusion that the grand jurors performed their duties in an unlawful manner is that they indicted him contrary to the advice of the district attorney.
 

 The Code of Criminal Procedure provides that the district attorney shall be “ * * * allowed at all times to appear before the grand jury for the purpose of giving any information relative to any .matter cognizable by them; * * *” (Article 19) and makes it his duty “ * * * to attend them for the purpose of examining witnesses in their presence or of giving them advice upon any legal matter” (Article 18), but we know of no law, and there was none cjted by counsel for the state, that gives him (the district attorney) the right to direct the grand jurors as to whom they shall indict. On the contrary, the Code of Criminal Procedure expressly provides that neither the district attorney nor any other person “shall be present during the deliberations of the grand jury on their findings.” Article 19. “The reason for this rule [Article 19] is that if the district attorney or any one else should be permitted to be present during the deliberations of a grand jury, the vote of members of the grand jurors might be influenced by his presence, and it is our opinion that public policy is * * * concerned in seeing that no one should interfere with the deliberations of a grand jury during its findings * * *State v. Kifer, 186 La. 674, 173 So. 169, 173, 110 A.L.R. 1017 (Brackets ours.)
 

 It is the duty of the grand jurors, under their oath of office (Article 204)
 
 *328
 
 “ * * * to find an indictment in every case submitted to them in which,
 
 in their
 
 judgment, the evidence before them, if unexplained and uncontradicted, would warrant a conviction.” Article 209. (Italics ours.) Moreover, the grand jury is not only “ * * * authorized to act on evidence submitted to it, but its members are also required, under a very severe penalty in case of' failure so to do, to act upon facts within their own knowledge (Rev. St.1870, § 2140), from which it also follows that they do not require the permission of the court to investigate crime, but are bound to take the initiative and determine for themselves the character .of the. evidence, or the sufficiency of the facts,necessary to their findings.” State v. Johnson, 116 La. 856, 41 So. 117, 119.
 

 It is our opinion, therefore, that the affidavit charging the grand jurors with having indicted the affiant contrary to the advice of the district attorney, does not charge them with having committed
 
 “any offense”
 
 under our law, and the trial judge’s ruling, dismissing the grand jurors on the ground that they were disqualified because such charge was pending against them, was erroneous. See State v. Smith, 153 La. 577, 96 So. 127; State v. Soileau, 173 La. 531, 138 So. 92.
 

 For the reasons assigned, the ruling of the trial judge sustaining the motion to dissolve the body of the grand jury is annulled and set aside, and the motion is now overruled.
 

 O’NIELL, C. J., does not take part.