BLANCHE, Justice.
Defendant, H. M. “Mike” Cannon, is the Clerk of Court of East Baton Rouge Parish and was indicted on February 7, 1979, in a two-count indictment by a special grand jury for public salary extortion and public salary deduction. Count one charged a violation of LSA-R.S. 14:136(1) in that the defendant allegedly solicited and attempted to solicit and receive the payment of money from his employees for various purposes, including his re-election, said payments allegedly being solicited upon defendant’s suggestions and threats that .the failure to make such payments would result in the impairment of the value of their positions as employees of the defendant. Count two charged a violation of LSA-R.S. 14:135 in that the defendant, being a public officer, allegedly attempted to retain and divert for his own use and for the use of his political organization part of the salaries of his employees.
In connection with the investigation of the above charges, the defendant appeared as a witness before the grand jury and on *1238 February 21, 1979, defendant was indicted for perjury allegedly for statements made by him in connection with his appearance before said jury.
Various pre-trial motions were filed by defendant, among which were motions to quash, application for bill of particulars, and motion to suppress. All were overruled by the trial judge. To these rulings, the defendant made timely objection and applied to this Court for supervisory writs which were granted.
Both indictments were returned by the same grand jury, and defendant complains to us through an assignment of error that the indictments were invalid for the reason that the jury was improperly constituted.
The grand jury was empaneled on November 17, 1977, by Judge John Covington. On December 6,1977, Byron Plauche, one of the jurors, addressed a letter to Judge Cov-ington stating that his employment made it practically impossible for him to adequately discharge the responsibilities required of him as a member of the special grand jury, and he requested that his resignation be accepted. At the time of the empaneling of the grand jury, Plauche informed Judge Covington that he might have attendance problems due to his business, but he felt that the matter could be worked out and Plauche became a member of the jury.
There was no question that he met all of the qualifications of a grand juror when selected. LSA-C.Cr.P. art. 401.[1] It is further a fact that Plauche did not fall within any of the categories to claim exemption from jury service as expressed by Rule 25, § 2,[2] of the Louisiana Supreme Court. See also LSA-C.Cr.P. art. 403.[3] Nevertheless, Judge Covington, in response to the juror’s letter, discharged him and another juror was subsequently selected to fill his place.
Plauche was fully qualified to be a juror and the reason given and accepted by the trial judge for his excuse was not one which related to his qualifications for service or to any exemption which he could claim by law. Therefore, we are confronted with a situation in which the trial judge excused a grand juror at the juror’s request for a cause other than failure to meet those qualifications which he is required to meet or to continue to meet as a condition of service under LSA-C.Cr.P. art. 401 or for exemption which he could have claimed prior to his selection. Rule 25, § 2. We note that under our Rule 25, § 1, jury service is an obligation of any qualified citizen and the exemptions therefrom are personal to the *1239 individuals concerned. LSA-C.Cr.P. art. 403 and Rule 25, § 3.
While the law is explicit in its enumeration of the qualifications a juror must possess and continue to possess, it is otherwise silent as to any cause for which a juror may be excused once he has been empaneled. Relator, therefore, submits that once Plauche, being qualified, was empaneled as a member of the grand jury, he became irrevocably a member and could not be discharged unless he became disqualified for legal cause thereafter. Undoubtedly, “legal cause” refers to those grounds for disqualification set forth in Article 401 of the Code of Criminal Procedure.
Thus, the argument is that having no right to excuse Plauche, the trial judge had no authority to replace him with another grand juror, and for that reason defendant was indicted by a jury which was improperly constituted.
This Court has held that a grand jury having a stranger as one of its members and lacking one of its regular members was illegally constituted and an indictment found by it was invalid. State v. McGarrity, 140 La. 436, 73 So. 259, 261 (1916).
In State v. Richey, 195 La. 319, 196 So. 545, 546 (1940), we held that a district judge has no right to remove a grand juror without cause, but he has a right to discharge him for “legal cause” or “good cause.”
There is little doubt but that “legal cause” for excuse exists when a juror no longer possesses the qualifications for service as required by Code of Criminal Procedure Article 401. In State v. Smith, 145 La. 1091, 83 So. 264, 266 (1919), we said “good cause” meant “legal cause”; that when a competent juror is once drawn in the manner provided by law, he becomes thereby irrevocably a member of the jury, and the judge is powerless to remove him except for legal causes, subsequently accruing. We affirmed this holding in State v. Ross, 212 La. 405, 31 So.2d 842 (1947).
This brings us to inquire whether the excuse of juror Plauche was for legal cause.
In the absence of any statutory authority on the subject, we would be hard pressed to find that legal cause for the excuse of juror Plauche existed, and it follows that the grand jury which indicted relator was unlawfully constituted when the trial judge excused one juror without authority of law and substituted another in his place. Due process with regard to such an indictment would mandate that it be returned by a grand jury qualified and constituted in accordance with law at the time it was returned. See State v. Revere, 232 La. 184, 94 So.2d 25 (1957).
Having found the indictments invalid at their inception, we are not required to rule on other assignments made by defendant.
For the above reasons, the decision of the district court is reversed and we sustain the motion to quash those indictments of February 9, 1979, and February 21, 1979, which were returned against defendant-relator herein by the grand jury of East Baton Rouge Parish.
REVERSED AND MOTION TO QUASH GRANTED.

. LSA-C.Cr.P. art. 401 provides:
“In order to qualify to serve as a juror, a person must:
“(1) Be a citizen of the United States and of this state who has resided within the parish in which he is to serve as a juror for at least one year immediately preceding his jury service;
“(2) Be at least eighteen years of age. (Amended by Acts 1972, No. 695, § 1.)
“(3) Be able to read, write, and speak the English language;
“(4) Not be under interdiction, or incapable of serving as a juror because of a mental or physical infirmity; and
“(5) Not be under indictment for a felony, nor have been convicted of a felony for which he has not been pardoned. (Corrected by Act 310 of 1966).”

. Rule 25, § 2 provides:
“This court finds that the exemption of the following groups or occupational classes is in the public interest and, accordingly, members of such classes are exempt from jury service:
“(a) Public officers in the executive, legislative, or judicial branches of the Government of the United States, or the State, or any subdivision thereof, who are actively engaged in the performance of official duties;
“(b) Members in active service in the Armed Forces of the United States and members of the National Guard of this State while on active service;
“(c) Members of paid fire or police departments of the State or any subdivision thereof and federal law enforcement officers;
“(d) Members of the following groups when regularly and actively engaged in the practice of their professions: attorneys at law, ministers of religion, chiropractors, physicians, dentists, pharmacists and optometrists;
“(e) All persons over seventy years of age.”

.LSA-C.Cr.P. art. 403 provides:
“Exemptions from jury service shall be as provided by rules of the Louisiana Supreme Court pursuant to Section 33(B) of Article V of the Louisiana Constitution of 1974. (Amended by Acts 1968, No. 108, § 1; Acts 1970, No. 450, § 1; Acts 1972, No. 35, § 1; Acts 1972, No. 282, § 1; Acts 1972, No. 523, § 1; Acts 1974, Ex. Sess. No. 22, § 1.)”