Judge Rosemary Ledet
This is a State appeal from the quashal of a prosecution for failure to pay a child support obligation. For the reasons that follow, we reverse and remand.
FACTUAL AND PROCEDURAL HISTORY
For the purposes of this appeal, it is undisputed that Herman Wells owes an ongoing obligation to pay child support arising from a consent judgment entered in a civil child support proceeding pending before the Jefferson Parish Juvenile Court (the "Child Support Case"). It is also undisputed that, as a result of Mr. Wells' failure to make payments as required in the Child Support Case, the Jefferson Parish Juvenile Court entered a contempt judgment on July 21, 2015, making executory arrearages in the amount of $25,308.11.
On August 25, 2017, the State filed a bill of information charging Mr. Wells with one count of failure to pay a child support obligation in excess of $15,000, a felony violation of La. R.S. 14:75(C)(5) (the "Orleans Parish Prosecution"). The bill of information alleges that, between July 21, 2015 and August 25, 2017, Mr. Wells failed to pay child support in the amount of $25,000 or more.
Before arraignment, Mr. Wells filed a motion to quash[1] the Orleans Parish Prosecution; and the State filed an opposition. On October 3, 2017, Mr. Wells failed to appear for arraignment; and the State and defense counsel requested that the arraignment be reset. Instead, the district court addressed the motion to quash. After argument, the district court granted the motion. This appeal followed.
DISCUSSION
In State v. Trepagnier , 14-0808, p. 5, n. 3 (La. App. 4 Cir. 11/19/14), 154 So.3d 670, 673, this court set forth the *297 standard of review for a district court's ruling on a motion to quash as follows:
The standard of review that we apply in reviewing a district court's ruling on a motion to quash varies based on the types of issues presented. When solely legal issues are presented-such as in the present case involving a motion to quash under La.C.Cr.P. art. 535 A(1) for failure to charge an offense punishable under a valid statute-we apply a de novo standard of review. State v. Olivia , 13-0496, pp. 2-3 (La. App. 4 Cir. 3/26/14), 137 So.3d 752, 754 ; State v. Schmolke , 12-0406, p. 4 (La. App. 4 Cir. 1/16/13), 108 So.3d 296, 299 ; see also State v. Hamdan , 12-1986, p. 6 (La. 3/19/13), 112 So.3d 812, 816 (noting that "[o]n appeal from the trial court's ruling on a motion to quash, the trial court's legal findings are subject to a de novo standard of review"). In contrast, when mixed issues of fact and law are presented-such as speedy trial violations and nolle prosequi dismissal-reinstitution cases-we apply an abuse of discretion standard. State v. Hall , 13-0453, pp. 11-12 (La. App. 4 Cir. 10/9/13), 127 So.3d 30, 39 (citing State v. Tran , 12-1219, p. 2 (La. App. 4 Cir. 4/24/13), 115 So.3d 672, 673, n. 3 ) (explaining that "[i]n reviewing rulings on motions to quash where there are mixed questions of fact as well as law, as here, a trial judge's ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion"); State v. Love , 00-3347, pp. 9-10 (La. 5/23/03), 847 So.2d 1198, 1206 ("[b]ecause the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion").
Id. ; see also State v. Kelly , 13-0715, p. 2, n. 2 (La. App. 4 Cir. 1/8/14), 133 So.3d 25, 27 ; State v. Williams , 14-0477, p. 6 (La. App. 4 Cir. 12/17/14), 156 So.3d 1285, 1288 (quoting Kelly, supra ).
In his motion to quash, Mr. Wells asserted two grounds: lis pendens and res judicata . In granting the motion, however, the district court relied on a third ground not asserted in the motion-jurisdiction. In its sole assignment of error, the State contends that the district court erred in granting the motion to quash for lack of jurisdiction because the Orleans Parish Criminal District Court has jurisdiction over this prosecution.[2]
As one commentator has observed, in criminal cases, "[t]he concept of jurisdiction encompasses several different types of limitation upon judicial authority."[3] WAYNE
*298 R. LAFAVE, ET AL. , 4 CRIMINAL PROCEDURE (" LAFAVE "), § 16.1(a) (4th ed. 2003). Only two of those limitations- subject matter jurisdiction and venue-are at issue in this case. Because the district court did not specify on which limitation it based its decision,[4] we address both.
Subject Matter Jurisdiction
Subject matter jurisdiction is the authority of a court to hear and adjudicate certain types of cases.[5] In Louisiana, subject matter jurisdiction over felony prosecutions is conferred exclusively on district courts. La. Const., Art. V, § 16 (providing that district courts "shall have original jurisdiction of ... criminal matters [and] ... exclusive original jurisdiction of felony cases"). Notwithstanding this jurisdictional grant, the Louisiana Constitution authorizes the Legislature to confer subject matter jurisdiction on juvenile and family courts by statute. La. Const., Art. V, § 18. (providing that, "[n]otwithstanding any contrary provision of [ La. Const., Art. V, § 16 ], juvenile and family courts shall have jurisdiction as provided by law").
Mr. Wells contends that the Legislature has, by statute, conferred on juvenile courts exclusive original jurisdiction-i.e. , subject matter jurisdiction-over prosecutions under La. R.S. 14:75. In support, Mr. Wells cites La. R.S. 13:1599(A)[6] and 14:92.1(A)(4)[7] -both of which confer on juvenile courts exclusive original jurisdiction over prosecutions under La. R.S. 14:92.1, which defines the crime of encouraging or contributing to child delinquency, dependency, or neglect.
Mr. Wells concedes that he is not charged with violating La. R.S. 14:92.1. He, nonetheless, contends that the grants of exclusive original jurisdiction in La. R.S. 13:1599(A) and 14:92.1(A)(4) extend to prosecutions for violations of La. R.S. 14:75 because the crime defined in La. R.S. 14:92.1"includes descriptions of the actions that constitute the offense" defined in La. R.S. 14:75. Stated another way, Mr. Wells contends that any time a parent fails to pay child support, the parent necessarily contributes to the dependency and neglect of the child; and, thus, under *299 La. R.S. 13:1599(A) and 14:92.1(A)(4), the two crimes are both subject to the exclusive original jurisdiction of the juvenile courts.
Examination of the statutory language belies Mr. Wells' argument. Contrary to Mr. Wells' contention, the language of La. R.S. 14:92.1 does not expressly refer to the actions that constitute the crime of failure to pay a child support obligation, as defined by La. R.S. 14:75.[8] Nor is the failure to pay a child support obligation a necessary or a sufficient condition to impose criminal liability for encouraging or contributing to child delinquency, dependency, or neglect. In short, they are distinct crimes; and, thus, Mr. Wells' argument would require a liberal construction of the jurisdictional grants of La. R.S. 13:1599(A) and 14:92.1(A)(4).
It is, however, well settled that, "the general rule is that district courts are vested with original jurisdiction and exceptions to this general rule are to be narrowly construed." Gunderson v. F.A. Richard & Assocs., Inc. , 07-331, p. 4 (La. App. 3 Cir. 2/27/08), 977 So.2d 1128, 1133 ; see also DeMarco v. David Briggs Enterprises, Inc. , 09-0615, pp. 3-4 (La. App. 4 Cir. 1/13/10), 30 So.3d 246, 249. Thus, the jurisdictional grants in La. R.S. 13:1599(A) and 14:92.1(A)(4) cannot be liberally construed to extend beyond their plain language to confer on juvenile courts subject matter jurisdiction over prosecutions for failure to pay child support under La. R.S. 14:75.
To summarize, Mr. Wells is charged with a felony grade of failure to pay a child support obligation.[9] Thus, subject matter jurisdiction over this case is vested exclusively in the district courts. Mr. Wells has pointed to no constitutional or statutory provision purporting to create an exception that would confer subject matter jurisdiction on the juvenile courts. Accordingly, to the extent the district court found that it lacked subject matter jurisdiction over this case, the district court erred. See Gandy v. Key Realty, L.L.C. , 13-712, p. 2 (La. App. 3 Cir. 12/11/13), 128 So.3d 678, 679 (observing that "[a]n issue of subject matter jurisdiction raises a question of law which is reviewed de novo to determine whether the lower court was legally correct").
Venue
In his motion to quash, Mr. Wells asserted that this case was not properly pending before the Orleans Parish Criminal District Court. Although Mr. *300 Wells presented this argument as an exception of lis pendens , it is well settled that the doctrine of lis pendens does not exist at criminal law; instead, it is a distinctly civil law concept.[10] See State v. McGarrity, 140 La. 436, 73 So. 259, 260 (1916) (observing that "it is hornbook law that a plea of lis pendens is not admissible in criminal cases"); State v. Michel , 111 La. 434, 35 So. 629, 630 (1904) (observing that "the plea of lis pendens does not hold [in criminal cases] as in civil cases"). Thus, Mr. Wells' assertion that the Orleans Parish Prosecution is barred under the doctrine of lis pendens is inapposite.
Nonetheless, looking through the form of Mr. Wells' assertion to its substance, Mr. Wells' actual argument is that the Orleans Parish Prosecution is barred because venue for this prosecution lies exclusively in Jefferson Parish.[11] In Louisiana, "[v]enue is jurisdictional in criminal cases." State v. Burnett , 33,739, p. 7 (La. App. 2 Cir. 10/4/00), 768 So.2d 783, 789 ; La. C.Cr.P. art. 615 (describing venue as a "jurisdictional matter"). Generally, venue lies "in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with law." La. Const., Art. I, § 16 ; see also La. C.Cr.P. art. 611(A) (providing that venue lies "in the parish where the offense has been committed, unless the venue is changed" and that "[i]f acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred"). For crimes that consist of a failure to perform a duty imposed by law, however, venue lies "in the place where the duty should be performed, unless there is a statute fixing the venue elsewhere." State v. Wells , 195 La. 758, 197 So. 420, 422 (1940).
A defendant wishing to assert improper venue must do so in advance of trial by filing a motion to quash. La. C.Cr.P. art. 615. Because venue is a question of fact, a district court presented with a motion to quash asserting improper venue *301 must hold an evidentiary hearing on the issue. State v. Skipper , 387 So.2d 592, 594 (La. 1980) (observing that venue is a question of fact); La. C.Cr.P. art. 615 (providing that "[i]mproper venue shall be raised in advance of trial by motion to quash, and shall be tried by the judge alone"). At the hearing, the State bears the burden of proving venue by a preponderance of the evidence. Id. (providing that "[v]enue shall not be considered an essential element to be proven by the state at trial, rather it shall be a jurisdictional matter to be proven by the state by a preponderance of the evidence and decided by the court in advance of trial").
In this case, the bill of information charged Mr. Wells with the failure to perform a duty imposed by law-payment of child support. The statute under which Mr. Wells is being prosecuted- La. R.S. 14:75 -contains a provision fixing the venue for such prosecutions as follows:
With respect to an offense under this Section, an action may be prosecuted in a judicial district court in this state in which any child who is the subject of the support obligation involved resided during a period during which an obligor failed to meet that support obligation; or the judicial district in which the obligor resided during a period described in Subsection B of this Section; or any other judicial district with jurisdiction otherwise provided for by law.
La. R.S. 14:75(D). Thus, to establish venue in Orleans Parish, the State bore the burden of proving-at a pretrial evidentiary hearing-that either Mr. Wells or his child resided in Orleans Parish between July 21, 2015 and August 25, 2017 (the date the bill of information was filed). Because the district court granted the motion to quash without holding an evidentiary hearing, we find the judgment granting the motion to quash was premature.[12] Thus, we vacate the judgment and remand for an evidentiary hearing.[13]
DECREE
For the foregoing reasons, the judgment of the district court is vacated; and the case is remanded for further proceedings.
VACATED AND REMANDED
LOMBARD, J., DISSENTS
LOMBARD, J., DISSENTS, *302 The defendant's child support obligation arises out of a consent judgment entered in a child support proceeding in Jefferson Parish. Likewise, the civil judgment of 2015 (finding that the defendant's arrears in child support exceeded $15,000) was entered in Jefferson Parish. Based on this, the district court found that jurisdiction was proper in Jefferson Parish and quashed the bill of information filed by the Orleans Parish District Attorney. This determination was within the district court's discretionary authority and, accordingly, I respectfully dissent from the majority decision to vacate the district court judgment.

Mr. Wells styled this pleading an "Exception of Lis Pendens / Res Judiciata and Motion to Dismiss." The Louisiana Code of Criminal Procedure, however, does not authorize the filing of exceptions or motions to dismiss; instead, with few exceptions not relevant here, "[a]ll pleas or defenses raised before trial ... shall be urged by a motion to quash." La. C.Cr.P. art. 531. Accordingly, we construe Mr. Wells' pleading as a motion to quash. See State v. Webb , 15-0962, p. 1 (La. 9/25/15), 175 So.3d 954, 955 (observing that "[c]ourts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties") (quoting Smith v. Cajun Insulation , 392 So.2d 398, 402 n. 2 (La.1980) (internal quotation marks omitted) ).

Ordinarily, a judgment granting a motion to quash based on a ground not urged in the motion is subject to reversal. La. C.Cr.P. art. 536 (providing that a motion to quash "shall be in writing," that it must "specify distinctly the grounds on which it is based," and that a district court "shall hear no objection based on grounds not stated in the motion"); see also State v. DeGeorge , 90-159 (La. App. 4 Cir. 1990), 572 So.2d 696, 697 (reversing a judgment granting a motion to quash based on a ground not stated in the motion). When, as in this case, however, the State fails to object to the district court's judgment on that basis and fails to assign as error and brief the issue on appeal, the State is deemed to have "waived any claim it may have [had] that the trial court could not consider" the ground not raised in the motion to quash. State v. Mathews , 12-0182, p. 10 (La. App. 4 Cir. 2/6/13), 109 So.3d 984, 991, rev'd on other grounds , 13-0525 (La. 11/15/13), 129 So.3d 1217. Accordingly, we review the merits of the district court's judgment granting Mr. Wells' motion to quash on the ground of jurisdiction.

These limitations fall into essentially four categories: (1) territorial jurisdiction; (2) subject matter jurisdiction; (3) personal jurisdiction; and (4) venue. See LaFave , § 16.4(a), n. 1 (describing the various types of limitations).

In granting the motion to quash, the district court ordered Mr. Wells to present the court with a proposed written judgment. Although the record contains two copies of a proposed judgment, neither is signed. Nonetheless, before ruling on the motion, the district court expressed the belief that the "failure to pay child support was only handled in juvenile court" and that "Jefferson [Parish] retains jurisdiction." Then, in granting the motion, the district court stated, "I granted it because it's the wrong jurisdiction."

See Black's Law Dictionary (10th ed. 2014) (defining subject matter jurisdiction as "[j]urisdiction over the nature of the case and the type of relief sought; the extent to which a court can rule on the conduct of persons or the status of things"); see also Huval v. State through Dep't of Pub. Safety & Corr., Office of State Police , 16-1857, p. 6 (La. 5/3/17), 222 So.3d 665, 668 (observing that "[j]urisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted") (quoting La. C.C.P. art. 2 ).

La. R.S. 13:1599(A) provides as follows:
A juvenile court in and for the parish of Jefferson is hereby created. The jurisdiction of the court shall be the same as the jurisdiction of other juvenile courts created pursuant to Article VII, Section 52 of the Louisiana Constitution of 1921 and the juvenile court law. Notwithstanding any provisions of the law to the contrary, the court shall have exclusive original jurisdiction to try any adult charged with a violation of R.S. 14:92.1.

La. R.S. 14:92.1(A)(4) provides as follows: "Exclusive jurisdiction of the offense defined in this Section is hereby conferred on juvenile courts, in accordance with the provisions of law establishing such courts."

The crime of encouraging or contributing to child delinquency, dependency, or neglect is defined by La. R.S. 14:92.1(A)(1) as follows:
In all cases where any child shall be a delinquent, dependent, or neglected child, as defined in the statutes of this state or by this Section, irrespective of whether any former proceedings have been had to determine the status of such child, the parent or parents, legal guardian, or any person having the custody of such child, or any other person or persons who shall by any act encourage, cause, or contribute to the dependency or delinquency of such child, or who acts in conjunction with such child in the acts which cause such child to be dependent or delinquent, shall be punished by a fine not exceeding one thousand dollars, or by imprisonment for not more than six months, or by both fine and imprisonment.
By contrast, the crime of failure to pay a child support obligation is defined by La. R.S. 14:75(B) as follows:
It shall be unlawful for any obligor to intentionally fail to pay a support obligation for any child who resides in the state of Louisiana, if such obligation has remained unpaid for a period longer than six months or is greater than two thousand five hundred dollars.

See La. R.S. 14:75(C)(5) (providing that "[t]he penalty for failure to pay a legal child support obligation when the amount of the arrearage is more than fifteen thousand dollars and the obligation has been outstanding for at least one year shall be a fine of not more than twenty-five hundred dollars, or imprisonment with or without hard labor for not more than two years, or both").

Attempting to overcome this distinction, Mr. Wells contends that the Orleans Parish Prosecution, rather than being a criminal proceeding, is essentially a civil enforcement proceeding because "the goal is to effectuate ... payment of child support ...." and that, thus, "Jefferson Parish should be the enforcement authority of any action regarding this case." While it is true that La. R.S. 14:75 requires a sentencing court to order restitution in an amount equal to the total unpaid support obligation as it exists at the time of sentencing and permits a sentencing court to suspend all or any portion of the imposition or execution of the sentence otherwise required when restitution is made prior to the time of sentencing, these provisions do not render the Orleans Parish Prosecution a civil enforcement action. Instead, it is axiomatic that "[a] criminal prosecution is brought in the name of the state in a court of criminal jurisdiction, for the purpose of bringing to punishment one who has violated a criminal law," and that "[t]he person injured by the commission of an offense is not a party to the criminal prosecution, and his rights are not affected thereby." La. C.Cr.P. art. 381. Thus, it is well settled that the availability or payment of restitution does not transform a criminal case into a civil case and will not support the grant of a motion to quash. See generally Trepagnier , 14-0808 at p. 10, 154 So.3d at 676 ( holding that the existence of a private restitution agreement does not transform a criminal case into a civil case and observing that "this court has held that the fact a dispute can viewed as 'civil' in nature is not a valid reason to grant a motion to quash") (citing State v. Brooks , 13-0540, p. 13 (La. App. 4 Cir. 9/18/13), 124 So.3d 1129, 1136 ; State v. Schmolke , 12-0406, p. 8 (La. App. 4 Cir. 1/16/13), 108 So.3d 296, 301 ; State v. Severin , 12-0205, pp. 3-4 (La. App. 4 Cir. 10/17/12) (unpub. ), 2012 WL 6619009).

In finding that "Jefferson [Parish] retains jurisdiction," the district court appears to have agreed with this argument.

Accord State v. Major , 13-1139, p. 13 (La. App. 4 Cir. 4/9/14), 140 So.3d 174, 182 (finding that the trial court "abused its discretion by granting the defendant's motion to quash ... without affording the state with an adequate evidentiary hearing" and remanding with instruction to hold the hearing); State v. Morrison , 13-1067, p. 9 (La. App. 4 Cir. 3/19/14), 137 So.3d 736, 740-41 (finding that "the trial court abused its discretion in granting Mr. Morrison's Motion to Quash without a full evidentiary hearing on the matter" and remanding).

In addition to lis pendens , Mr. Wells asserted in his motion to quash that the Orleans Parish Prosecution was barred by res judicata -essentially, a claim of collateral estoppel under the Double Jeopardy Clause. See Ashe v. Swenson , 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) ; see also State v. Butler , 14-1016, p. 2 (La. App. 4 Cir. 2/11/15), 162 So.3d 455, 458-59 (interpreting a defendant's claim of res judiciata to be a claim of collateral estoppel, as discussed in Ashe ). As with the issue of venue, the issue of collateral estoppel is a question of fact, requiring an evidentiary hearing. See Butler , supra ; see also Gail Dalton Schlosser, Louisiana Criminal Trial Practice , § 14:11 (4th ed.) (observing that, at a hearing on a defendant's motion to quash on the ground of double jeopardy, "[t]he defendant bears the initial burden of establishing a nonfrivolous claim of double jeopardy after which the burden shifts to the prosecution to demonstrate by a preponderance of the evidence why double jeopardy does not bar prosecution") (citing United States v. Schinnell , 80 F.3d 1064 (5th Cir.1996) ; State v. Green , 96-0256 (La. App. 1 Cir. 12/10/96), 687 So.2d 109 ). Accordingly, the scope of the evidentiary hearing on remand should embrace, and the district court should individually address, both venue and collateral estoppel.